UNITED STATES of America and Edward E. McGee, Special Agent, Internal Revenue Service, Petitioners-Appellants,

v.

SOUTHWESTERN BANK AND TRUST CO., Respondent-Appellee,

Samuel D. Joy, Bill Higginbotham, and Willis Duncan, Intervenors-Appellees.

No. 81–1207.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 18, 1982.

Decided Nov. 15, 1982.

George L. Hastings, Jr., Atty., Tax Div., Dept. of Justice, John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup and Charles E. Brookhart, Attys., Tax Div., Dept. of Justice, Washington, D.C., for petitioners-appellants.

G. Michael Blessington of Blessington & Holden, Oklahoma City, Okl., for intervenors-appellees.

David L. Wolfe, Jr. of Wolfe & Luttrell, Oklahoma City, Okl., filed a brief for respondent-appellee.

Before McWILLIAMS, BREITENSTEIN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

During an investigation of the tax liabilities of three individual taxpayers for 1977 and 1978, the United States directed three Internal Revenue Service (IRS) summonses to Southwestern Bank (Bank) for the production of bank records pursuant to 26 U.S.C. § 7602 (1976). The first two summonses sought certain specified bank records, including signature cards, loan records, certificates of deposit, and safe deposit records, of the three taxpayers whose returns were under scrutiny and the five corporations in which the taxpayers held ownership interests. The third summons called for all checks cashed for or by the taxpayers and the corporations. After the taxpayers intervened under 26 U.S.C. § 7609(b)(2) (1976) and instructed the Bank not to comply with the summonses, the IRS sought judicial enforcement. A hearing was held before a magistrate, and the resulting findings of fact and conclusions of law were adopted by the district court. The court ordered enforcement of the summons seeking the specified bank records of the taxpayers, denied enforcement in part of the summons to obtain the specified corporate records, and denied enforcement of the summons for the production of all checks of the taxpayers and the corporations. The IRS appeals the denials of enforcement, and we reverse.

I.

The IRS investigation in this case pertains to the taxpayers' returns for taxable calendar years 1977 and 1978. The summons to obtain the corporate transactions sought specified documents for the period of February 1, 1976 to May 31, 1979. IRS agent Edward McGee testified at the hearing that corporate records for parts of calendar years 1976 and 1979 were relevant to the investigation because the corporations' fiscal years extended into 1976 and 1979.[1] McGee explained that it was necessary to examine corporate transactions for the entire corporate fiscal years to aid the determination whether distributions from the corporations to the taxpayers during 1977 and 1978 were properly characterized as dividends or return of capital. The taxpayers presented no evidence to the contrary.

The court concluded that "only records as to each such corporation during that corporation's fiscal years which ended during the years 1977 and 1978, and any remaining period during 1978, are relevant to the investigation in connection with which the summonses were issued." Rec., vol. I, at 54. Accordingly, the court denied enforcement of the summons to the extent that it sought records of transactions occurring after December 31, 1978.[2] On appeal, the IRS contends that the court used an incorrect legal standard in its determination of relevancy, and erroneously ignored the unrebutted testimony of agent McGee. We agree.

The IRS is entitled to judicial enforcement of a summons seeking records upon a showing "that the material sought *may be relevant* to a proper purpose, that the [IRS] does not already possess the information, and that the proper administrative steps have been followed." *United States v. City National Bank & Trust Co.*, 642 F.2d 388, 389 (10th Cir.1981) (emphasis added) (citing *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112

---

1. The corporate fiscal years were as follows:

| Capital Well Servicing Company | June 1 – May 31 |
| Ray's Well Service, Inc. | June 1 – May 31 |
| Grenard Service Co., Inc. | June 1 – May 31 |
| Oklahoma Tank Service, Inc. (Helms and Weaver, Inc.) | February 1 – January 31 |
| Trico Drilling Company, Inc. | January 1 – December 31 |

Rec., vol. I, at 53.

2. With respect to 1976, the court limited enforcement of the summons to the actual portions of each corporation's fiscal year that began in 1976 and ended in 1977. For example, where a corporation's fiscal year began June 1, 1976, the court ordered enforcement from that date rather than from February 1, 1976, the date stated on the summons. The IRS concedes on appeal that this was a proper limitation.

(1964)). Material is relevant for purposes of summons enforcement if it " 'might throw light on the correctness of taxpayer's returns.' " *Id.* at 389 (quoting *United States v. Davey,* 543 F.2d 996, 1000 (2d Cir.1976)).

■ McGee testified that corporate banking records for the entire corporate fiscal year would aid the IRS in ascertaining the accuracy of the taxpayers' returns even though the returns were made before the corporate fiscal year had ended. This uncontroverted testimony is sufficient to satisfy the minimal relevancy standard set out above. The order denying production of the requested 1979 corporate records must be reversed.

## II.

■ The IRS also sought production of all checks cashed for or by the three taxpayers and the five corporations from February 1, 1976 to May 31, 1979. The Bank indicated at the hearing below that it stood ready to comply if ordered to do so, although it contended that complete compliance would impose an enormous burden upon it. Production of the requested records "would involve reviewing between 200,000 and 250,000 transit items processed by respondent as to each month, an aggregate of between 7,000,000 and 9,750,000 such items for the period covered by the summons." Rec., vol. I, at 53.

The court concluded that the IRS had failed to justify the broad scope of the summons or to establish that compliance would produce relevant information, and denied enforcement entirely. On appeal, the intervenors conceded at oral argument that the records are relevant to the extent they cover the taxable years 1977 and 1978, and the IRS has apparently recognized that some limitations on the scope of the summons or the method of compliance may be in order, *see* Appellants' Brief at 28.

■ Third-party record keepers have a general duty to respond to a government summons and legitimately may be required to shoulder some economic burden in doing so. *See SEC v. Arthur Young & Co.,* 584 F.2d 1018, 1033 (D.C.Cir.1978), *cert. denied,*

439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979); *United States v. Continental Bank & Trust Co.,* 503 F.2d 45, 48 (10th Cir.1974). However, a court ordering judicial enforcement of an administrative summons has discretion to set appropriate limitations on compliance to protect a respondent from oppressive procedures and excessive expense. *Arthur Young & Co.,* 584 F.2d at 1032; *Dunn v. Ross,* 356 F.2d 664, 667 (5th Cir.1966).

The requested records clearly include relevant documents. The court denied enforcement of the entire summons without determining whether compliance could be limited in scope or method to avoid undue hardship to the Bank. This result is not in keeping with the liberal construction that courts must give section 7602. *See Continental Bank & Trust,* 503 F.2d at 50. Accordingly, the order denying enforcement is vacated and this matter is remanded for further proceedings to ascertain whether the summons may be enforced with appropriate limitations. On remand, the court may wish to consider both the suggestion by the IRS that its personnel could do the actual search, and the applicability of 26 U.S.C. § 7610 (1976), which authorizes the IRS to reimburse the costs of production in some circumstances.

Vacated and remanded.