**UNITED STATES of America, and Kyle D. Kohler, Internal Revenue Agent of the Internal Revenue Service, Petitioners-Appellees,**

v.

**Albert J. FINER, Respondent-Appellant.**

**No. 82–1749.**

United States Court of Appeals, Tenth Circuit.

June 16, 1983.

Gene F. Reardon of Reardon, Reardon & Reardon, Denver, Colo., for respondent-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, and Thomas A. Gick, Attys. of Tax Div., Dept. of Justice, Washington, D.C., for petitioners-appellees.

Before SETH, Chief Judge, and HOLLOWAY and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Finer appeals from a trial court order enforcing an Internal Revenue Service summons issued during the course of a Taxpayer Compliance Measurement Program (TCMP) audit.[1] The sole issue on appeal is whether the district court properly held that the Internal Revenue Service has statutory authority to issue a summons under Section 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602 (1976), in the course of an examination of tax returns selected pursuant to the TCMP.

This precise issue has recently been addressed by both the Fifth and the Eighth

---

1. For an explanation of the purposes of the TCMP, see *United States v. Flagg,* 634 F.2d 1087, 1088–89 (8th Cir.1980), *cert. denied,* 451 U.S. 909, 101 S.Ct. 1977, 68 L.Ed.2d 297 (1981).

Circuits in *United States v. First National Bank,* 635 F.2d 391 (5th Cir.), *cert. denied,* 452 U.S. 916, 101 S.Ct. 3051, 69 L.Ed.2d 420 (1981) and *United States v. Flagg,* 634 F.2d 1087 (8th Cir.1980), *cert. denied,* 451 U.S. 909, 101 S.Ct. 1977, 68 L.Ed.2d 297 (1981). Both courts held that the IRS has authority to issue such a summons. We agree with the analyses set out in those opinions. Cf. *United States v. Scholbe,* 664 F.2d 1163, 1167–68 (10th Cir.1981).

The judgment of the trial court is affirmed.