The Tenth Circuit's position is in accord with our own as expressed in a case involving filing requirements of the U.C.C.:

> Efforts by courts to fashion equitable solutions to mitigate the hardship on particular creditors of literal application of statutory filing requirements would have the deleterious effect of undermining the reliance which can be placed upon them. The harm would be more serious than the occasional harshness resulting from strict enforcement.

*Uniroyal, Inc. v. Universal Tire & Auto Supply,* 557 F.2d 22 (1st Cir.1977). We are bolstered in our belief that significant injustice will not result from strict adherence to Rule 3(b) by the Supreme Court's interpretation of the present Fed.R.App.P. 4(a) in *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). In *Griggs,* the Court reversed a Third Circuit decision waiving the defects in a premature notice of appeal. The Supreme Court held that the premature filing was a nullity, since "the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" 459 U.S. at 61, 103 S.Ct. at 403 (quoting *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978)). Although the new Rule 4(a) is different from our Rule 3(b), appellants' claim of injustice is significantly undermined by the realization that the same result would necessarily obtain if the present appeal were governed by the Federal Rules of Appellate Procedure.

We uphold the decision of the Bankruptcy Appellate Panel dismissing the appeal.

*Affirmed.*

**UNITED STATES of America, Appellee,**

v.

**Franklin M. YOFFE, Defendant, Appellant.**

**No. 83–1417.**

United States Court of Appeals, First Circuit.

Argued Oct. 3, 1983.

Decided Dec. 28, 1983.

Charles M. MacLean, Framingham, Mass., for defendant, appellant.

Gregory C. Flynn, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

**4**

Before COFFIN and BOWNES, Circuit Judges, and SMITH,[*] Senior District Judge.

PER CURIAM:

This is an appeal by Appellant Yoffe (Yoffe) from a summary judgment enforcing a contract between Yoffe and the United States for the sale of wine.

Eight thousand one hundred twenty-three cartons of Czechoslovakian wine were imported into the United States in 1973 and entered into a bonded warehouse.[1] Customs duties were not paid, and in 1978 the wine was sold at public auction. The purchaser cancelled payment on his check. Again, on February 14, 1979, the wine was sold at public auction to a purchaser who gave a false name and address and did not pay his $9,500 bid for the wine. On February 16, 1979, Yoffe offered to purchase the wine for $9,500. On February 20, 1979, the Acting District Director of Customs, Boston District, accepted the offer in writing and received a $1,000 cashier's check as a binder.

■ The United States contends, and we agree, that the wine, having been entered in a bonded warehouse, was abandoned and was sold under the provisions of 19 U.S.C. § 1559 which provides that merchandise remaining in the warehouse beyond five years shall be regarded as abandoned and shall be sold "under such regulations as the Secretary of the Treasury shall prescribe." The merchandise here was abandoned under the definition set forth in 19 C.F.R. § 127.12(a)(2). Abandoned merchandise shall be sold at the first regular sale after the merchandise becomes subject to sale. 19 C.F.R. § 127.21. It is required that the sale be advertised. 19 C.F.R. § 127.25.

■ Sales may be conducted by the district director, by any employee designated by him, or by a public auctioneer. 19 C.F.R. § 127.27. Certain special merchandise is required to be sold at public auction. *See* 19 C.F.R. § 127.28(d) & (h). Except as noted, the regulations do not use the terms "public sale" or "public auction." It is difficult, however, to envisage a sale, which must be advertised so that the public will be notified of the sale and the manner in which all members of the public may bid for the article, as anything other than a public sale. Hence we conclude that, under the regulations, a public sale was required. It follows that the acting district director has no authority to make a private sale.[2]

When Yoffe offered to purchase at a private sale, there was no capacity in the district director to accept that offer, and the Government was not bound to honor that acceptance.[3] Under these circumstances, the contract was void, and neither Yoffe nor the United States was bound by it.

*Reversed.* The cause is remanded to the district court with directions to enter judgment for the defendant on his counterclaim.

---

[*] Of the District of Montana, sitting by designation.

1. The record does not show whether the warehouse was bonded, but in this we accept the contention of the United States.

2. It may be that under 19 C.F.R. § 127.28(f), relating to the sale of wines, the Commissioner of Customs could authorize a private sale, but the Commissioner of Customs is not involved here.

3. *See Strahle v. United States,* 221 Ct.Cl. 158, 602 F.2d 344, 347 (1979); *Putnam Mills Corp. v. United States,* 202 Ct.Cl. 1, 479 F.2d 1334, 1338 (1973).