**UNITED STATES of America,**
**Plaintiff, Appellee,**

v.

**Franklin M. YOFFE,**
**Defendant, Appellant.**

**No. 85–1229.**

United States Court of Appeals,
First Circuit.

Argued Sept. 10, 1985.

Decided Oct. 25, 1985.

Charles M. MacLean, Framingham, Mass., for defendant, appellant.

Frederick E. Dashiell, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief for plaintiff, appellee.

Before BOWNES, Circuit Judge, WISDOM,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BOWNES, Circuit Judge.

This is an appeal from the refusal of the district court to award defendant-appellant Franklin M. Yoffe attorney's fees under 28 U.S.C. § 2412(d)[1] of the Equal Access to Justice Act. Section 2412(d)(1)(A) provided:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. [Emphasis added.][2]

The issue is whether the district court erred in finding that "the position of the United States was substantially justified."

The original action which was initiated by the United States, was based on a written contract between Yoffe and the Acting District Director of Customs, Boston District, whereby Yoffe agreed to purchase 8,123 cases of wine for $9,500. Yoffe made a $1,000 down payment as a binder on his offer. The contract contained the following clause.

> I offer to purchase this merchandise "AS IS" and without any guarantees by the United States Customs Service as to quantity, quality, or value. I further agree that the United States Customs

* Of the Fifth Circuit, sitting by designation.

1. Subsection (d) of § 2412 was repealed on October 1, 1984, subject to the proviso that it would continue to apply through final disposition of any action commenced before the date of repeal. The complaint in this case was filed on May 16, 1980, and the motion for attorney's fees was filed in January of 1984.

2. On August 5, 1985, the Act was extended and amended. For practical purposes, subsection (d) of § 2412 was reenacted and amended. The most significant amendment was the addition of the following to the end of § 2412(d)(1)(B):

> "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."

Service shall not make any allowances for any deficiencies found in this merchandise after this sale.

The wine had been imported into the United States in 1973 and stored in a bonded warehouse. After customs duties remained unpaid, the wine was seized by Customs and sold at public auction in 1978. The purchaser cancelled payment on his check. On February 14, 1979, the wine was again put up for bid at public auction. The high bid was $9,500, but the purchaser who gave a false name and address did not pay for the wine. On February 16, 1979, Yoffe offered to purchase the wine for $9,500 and the written contract was entered into. No public auction was held. After Yoffe made the $1,000 down payment and tested the wine, he found it undrinkable. Yoffe refused to consummate the purchase. The wine was subsequently purchased by another buyer for $3,200. The United States brought suit against Yoffe for the balance due of $5,300. Yoffe brought a counterclaim for his deposit of $1,000.

The case was submitted to the district court on cross-motions for summary judgment. The court found in favor of the United States. Yoffe appealed. In a short per curiam we ruled, contrary to the district court, that under the pertinent Customs' regulations the wine could only be sold at public auction. We held, 724 F.2d 3, therefore, that the sale to Yoffe was void and remanded with directions to enter judgment for Yoffe on his counterclaim. Yoffe then brought this action for attorney's fees.

Although the issue is one of first impression in this circuit, the question of whether "the position of the United States was substantially justified" has been extensively litigated. All of the circuits, except ours, have rendered at least one written opinion on the issue and the legislative history of 28 U.S.C. § 2412(d) has been exhaustively analyzed. We see no point in redigging the ground that has been so intensively ploughed and, therefore, merely restate the basic principles arrived at by the other circuits.

We note first that the only major difference among the circuits is whether the word "position" means the underlying action or failure to act of the government agency or the litigation position of the government. This question is not involved in our case. Indeed, it will no longer be an issue because the 1985 amendments to 28 U.S.C. § 2412(d), *supra,* n. 2, state in effect that "position" encompasses both the position of the agency and the litigation position of the government.

All of the circuits, except the District of Columbia Circuit, agree that the test for determining whether the government's position was "substantially justified" is one of reasonableness; was the government's position reasonable both in law and fact. *United States v. Community Bank and Trust Company,* 768 F.2d 311, 314 (10th Cir.1985); *Keasler v. United States,* 766 F.2d 1227, 1231 (8th Cir.1985); *Trident Maine Construction, Inc. v. District Engineer, United States Army Corps of Engineers, Detroit District,* 766 F.2d 974, 980 (6th Cir.1985); *Albrecht v. Heckler,* 765 F.2d 914, 915 (9th Cir.1985); *Dubose v. Pierce,* 761 F.2d 913, 917 (2d Cir.1985); *Donovan v. Dial America Marketing, Inc.,* 757 F.2d 1376, 1389 (3d Cir.1985), *petition for cert. filed* (1985); *Anderson v. Heckler,* 756 F.2d 1011, 1013 (4th Cir.1985); *Hanover Building Materials, Inc. v. Guiffrida,* 748 F.2d 1011, 1013 (5th Cir.1984); *Ashburn v. United States,* 740 F.2d 843, 846 (11th Cir.1984); *Ramos v. Haig,* 716 F.2d 471, 473 (7th Cir.1983); *Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d 1387, 1391 (Fed.Cir.1982).

The District of Columbia Circuit has ruled that substantially justified means that the "government must demonstrate that its litigation position had a solid basis in fact and law." *Grace v. Burger,* 763 F.2d 457, 458 (D.C.Cir.1985). The test has also been described as "slightly more stringent than one of reasonableness." *Cinciarelli v. Reagan,* 729 F.2d 801, 804 (D.C. Cir.1984).

We adopt the reasonableness test. Not only does the unanimity of eleven circuits on this definition impress us, but we think it makes more sense and is easier to apply than the test of the D.C. Circuit. The concept of reasonableness is one with which judges and lawyers are familiar. The test breaks down into three parts: did the government have a reasonable basis for the facts alleged; did it have a reasonable basis in law for the theories advanced; and did the facts support its theory. *United States v. Community Bank & Trust Co.*, 768 F.2d at 314. This represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous. *Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir.1983); *Knights of the Ku Klux Klan of Louisiana v. East Baton Rouge Parish School Board*, 679 F.2d 64, 68 (5th Cir.1982).

There is general unanimity among the circuits that the government has the burden of proof on the issue of substantial justification. *See, e.g., United States v. Community Bank and Trust Co.*, 768 F.2d at 314 (10th); *Keasler v. United States*, 766 F.2d at 1231 (8th); *Cardwell v. Kurtz*, 765 F.2d 776, 781 (9th Cir.1985); *Grace v. Burger*, 763 F.2d at 458 (D.C.); *Dubose v. Pierce*, 761 F.2d at 917 (2d); *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir.1985); *Miller v. United States*, 753 F.2d 270, 274 (3d Cir.1985); *Ashburn v. United States*, 740 F.2d at 850 (11th). Two circuits appear to impose a burden of proof higher than the preponderance of the evidence standard. In *National Resources Defense Counsel v. United States Environment Protection Agency*, 703 F.2d 700, 712 (3d Cir.1983), the Third Circuit held that "the government must make a 'strong showing' that its position was substantially justified," citing to the House Report 96–1418 at 1618, U.S.Code Cong. & Admin. News 1980, 4953, 4995, 4997. The "solid basis" or "slightly more stringent" than reasonableness test of the D.C. Circuit for proving substantial justification also results in an enhanced burden of proof. We see no reason to impose on the government a burden of proof any higher than is normally required in any civil case and, therefore, hold that the government has the burden of proving that its position was substantially justified by a preponderance of the evidence.

Since fees are awarded only to a prevailing party, it follows that the fact that the government lost does not create a presumption that its position was not substantially justified. *See, e.g., Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir.1985); *Timms v. United States*, 742 F.2d 489 (9th Cir.1984); *Ashburn v. United States*, 740 F.2d at 850 (11th); *Broad Avenue Laundry and Tailoring v. United States*, 693 F.2d at 1391 (Fed.Cir.). The Fifth Circuit has gone one step further. It holds that the United States is not liable merely because it lost, nor exempted "merely because it prevailed at some point in the judicial process—before a magistrate or in the district court, for example." *Martin v. Heckler*, 754 F.2d at 1264. This carries the rule to its logical conclusion and we adopt it.

The question of what standard of review should apply to the district court's determination of whether the government's position was substantially justified has been resolved differently by the circuits. The Eighth Circuit has held in its most recent case that "[a] district court's award will not be overturned absent an abuse of discretion." *Keasler v. United States*, 766 F.2d at 1231. In a prior case involving the Internal Revenue Service it had held that the "clearly erroneous" standard applied. *Trucks, Inc. v. United States*, 763 F.2d 339, 340 (8th Cir.1985). The Ninth Circuit has consistently held that the "abuse of discretion" standard applies to the district court's holding. *Albrecht v. Heckler*, 765 F.2d at 915; *Cardwell v. Kurtz*, 765 F.2d at 782; *United States v. Buel*, 765 F.2d 766, 767 (9th Cir.1985). The abuse of discretion standard is also followed by the Eleventh Circuit, *Ashburn v. United States*, 740 F.2d at 846. The Sixth Circuit

follows a modified abuse of discretion standard:

In [the context of the Equal Access to Justice Act], however, the term "abuse of discretion" takes on a special meaning. [citation omitted]. With respect to findings based upon the district judge's assessment of the probative value of the evidence, a highly deferential standard of review such as the clearly erroneous standard is in order. [citation omitted]. With respect to the district court's evaluation of the government's legal argument, a *de novo* standard is appropriate.

*Kreimes v. Department of Treasury*, 764 F.2d 1186, 1190–91 (6th Cir.1985).

The "clearly erroneous" standard, or a variation thereof, appears to prevail. The Seventh Circuit holds that "the district court's finding of no substantial justification must be upheld unless it is clearly erroneous." *Ferrell v. Pierce*, 743 F.2d 454, 466 (7th Cir.1984); *Ramos v. Haig*, 716 F.2d at 474. The Tenth, Fourth and Third Circuits follow the general rule that findings of fact are reversed under the clearly erroneous standard and rulings of law are reviewed *de novo*. *United States v. Community Bank and Trust Co.*, 768 F.2d at 314 (10th); *Hicks v. Heckler*, 756 F.2d 1022, 1024 (4th Cir.1985); *Washington v. Heckler*, 756 F.2d at 962 (3d).

■ We rule that the traditional standard of review should be followed; clearly erroneous as to findings of fact and *de novo* as to rulings of law. Although the test of substantial justification is one of reasonableness, we do not think it necessarily follows that this is purely a factual determination. The district court's determination will, as in other types of cases, usually depend upon a composite of factual findings and legal rulings. We see no reason to modify the regular standard of review. Where, as here, the facts are not in dispute, the district court's holding should be reviewed *de novo* because it is a legal conclusion.

With these guidelines fixed, we turn to the case before us. As already noted, we are not concerned with agency action.

Yoffe made an offer to purchase which was accepted by Customs, reduced to writing and signed by both parties. The question is whether the government was substantially justified in bringing suit on the written contract. We find that it was.

Yoffe refused to go ahead with the purchase when he found that the wine was spoiled. Because he had agreed to purchase the wine "as is", this was a breach of the contract. There is no claim that the government induced Yoffe to enter into the agreement by misrepresentations as to the quality of the wine. Under these facts, a seller would ordinarily have a valid claim for damages for breach of contract.

■ Yoffe argues that the government's decision to bring suit was not substantially justified because it knew or should have known that the sale was void *ab initio*. Although this is what we found, *United States v. Yoffe*, 724 F.2d at 4, we do not think the result was so clear that it should have deterred the government from bringing suit on what appeared at the time to be a good breach of contract claim. As we noted in our opinion, "the regulations do not use the terms 'public sale' or 'public auction.'" *Id.* As far as we can determine, ours was the first and is the only opinion construing these regulations. We do not think that the government should be found to have acted without substantial justification because it did not foresee how the court of appeals would interpret the regulations.

*Affirmed.*