UNITED STATES of America, Plaintiff,

v.

**8.4 ACRES OF LAND, MORE OR LESS, et al., Defendants.**

Civ. A. No. 83–1807–C.

United States District Court,
D. Massachusetts.

Oct. 28, 1985.

Evan Slavitt, Asst. U.S. Atty., Robert H. Plotkin, Trial Atty., Dept. of Justice, Boston, Mass., for the U.S.

Anton T. Moehrke, Wright & Moehrke, Boston, Mass., for J. John Miele & Roberta.

## MEMORANDUM

CAFFREY, Chief Judge.

This action was tried before this Court with a jury and a verdict was rendered on March 6, 1985. The jury fixed just compensation for the taking by the United States of land belonging to the defendants, J. John Miele and Roberta C. Miele, at $100,000, a sum $89,000 greater than the amount deposited by the United States of America into the Registry of this Court. The case is now before the Court on defendants' application for attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).

■ A landowner in a condemnation action is the prevailing party for purposes of the EAJA, when he recovers more than the government's prelitigation offer. *United States v. 640.00 Acres of Land,* 756 F.2d 842, 847–48 (11th Cir.1985); *United States v. 341.45 Acres of Land,* 751 F.2d 924, 937 (8th Cir.1984). Unless the position of the United States was substantially justified or special circumstances exist, the court must award the prevailing party fees, costs and other expenses. 28 U.S.C.

§ 2412(d)(1)(A). The test of whether or not the government's position was substantially justified is essentially one of reasonableness. *United States v. Yoffe,* 775 F.2d 447, 450 (1st Cir.1985). The burden of proof is on the government to show it had a reasonable basis in both law and fact for its position. *Id.* No presumption is raised concerning whether the government's position was justified simply because it lost the case. *Id.*

■ In applying the reasonableness standard, a district court looks at the offers made by the government before the trial, comparable awards on similar tracts of land at the time, whether the appraisal of the land upon which the government based its offer was made by a neutral and impartial expert appraiser or one regularly employed by the government, and other such facts which bear on the good faith of the government in trying to settle the case before deciding to litigate. *United States v. 640.00 Acres of Land,* 756 F.2d at 850. The court also considers whether the government's offer was reasonably close to the appraisals made by the government's appraisers and to the valuations established by the government's expert witnesses at trial, and whether the government acted reasonably in relying upon these valuations. *United States v. 341.45 Acres of Land,* 751 F.2d at 940. In so doing, the court may consider the qualifications and possible conflicts of interest of the government's experts, and the factual basis for their appraisals. *Id.* Where the appraisers are qualified, the government's prelitigation position is justified if it was based on and consistent with the appraisals. *Id.* The focus is on the relationship between the government's offer, the appraisals, and the valuations established by the government's expert witnesses during trial, not on the relationship between the government's offer or deposit and the jury award. *Id.* at 940–41.

■ Prior to commencing litigation in this case, the government received three different appraisals concerning the value of

the defendants' land. Plaintiff's Answer to Interrogatories, #5. The estimated value of the land was $9,400 in 1980, $11,000 in 1981, and $21,000 in 1983. *Id.* At trial, the government presented a highly qualified expert appraiser, Mr. Reenstierna, who testified that the value of the land was $21,000. Mr. Reenstierna has testified in the past both for the United States and for defendants. There was conflicting expert testimony concerning the probable reasonable uses of the property at the time of the taking and about sales of comparable tracts of land.

Considering the totality of the circumstances, including what this Court observed when it accompanied the jury to the locus for a view of the predominantly wet and swampy land in question, I rule that the government was substantially justified in its prelitigation position and final offer of $16,100. An award of attorneys' fees and costs is unwarranted under the facts in this case.

Order accordingly.