**UNITED STATES of America and Richard J. Durant, Special Agent, Internal Revenue Service, Plaintiffs,**

v.

**BAYBANK MIDDLESEX, Defendant,**

**Marvin S. Antelman, Intervenor.**

**UNITED STATES of America and Richard J. Durant, Special Agent, Internal Revenue Service, Plaintiffs,**

v.

**STATE STREET BANK & TRUST CO., Defendant,**

**Marvin S. Antelman, Intervenor.**

**Civ. A. Nos. 82–1562–Mc, 82–1565–Mc.**

United States District Court, D. Massachusetts.

June 18, 1990.

Jerry Miller, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiffs.

Harold C. Arcaro Jr., Providence, R.I., for intervenor.

## MEMORANDUM AND ORDER DENYING INTERVENOR'S APPLICATION FOR ATTORNEY'S FEES

McNAUGHT, District Judge.

Intervenor Marvin S. Antelman brings this action for attorney's fees pursuant to the Equal Access to Justice Act, Title 28 U.S.C.A. § 2412(b) and (d)(1)(A).

Prior to July 1981, the Internal Revenue Service initiated an income tax investigation into the potential civil and criminal tax liabilities of Tilaco Chemicals, Ltd. (Tilaco). As part of the investigation, Special Agent Richard J. Durant, issued Internal Revenue Service summonses to BayBank–Middlesex and the State Street Bank and Trust Company. Pursuant to the summonses, Bay-Bank and State Street Trust were directed to appear and give testimony concerning the federal tax liabilities, if any, of Tilaco. In accordance with Section 7609(b) of the Internal Revenue Code, as it was in effect at that time, Tilaco requested the banks not to comply with the summonses. Upon the banks' refusal to comply, the United States and Special Agent Durant initiated enforcement actions in the United States District Court for the District of Massachusetts.

Mr. Antelman sought to intervene in the actions alleging that the bank records in issue related to him, and that intervention was necessary to protect his interests. After an evidentiary hearing, this Court allowed the motion.

In November 1984, the government moved to dismiss, stating that the Internal Revenue Service "no longer wishes to pursue" enforcement of the summonses.

Intervenor Antelman contends that the government's action (issuing and seeking enforcement) with respect to the summonses was in bad faith and not substantially justified. In support of these allegations of improper conduct, Mr. Antelman points to the decision to terminate enforcement efforts and to issue a Notice of Deficiency of tax due.

■■■ Under the Equal Access to Justice Act, § 2412(b), Antelman is entitled to attorneys' fees if the United States pursued the summonses in bad faith. Attorneys' fees under the bad faith exception are awarded "only in extraordinary circumstances and for dominating reasons of justice". *Cordeco Dev. Corp. v. Santiago Vasquez*, 539 F.2d 256 (1st Cir.) *cert. denied*, 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976). The present case does not fall into the category of "extraordinary circumstances", and "dominating reasons of justice" do not exist here. The summonses were issued for the legitimate purpose of ascertaining the further tax liability, if any, of Tilaco and met the "good faith" test established in *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). The government submitted sufficient facts to make a *prima facie* case in the form of the verified petition that accompanied the enforcement request. *United States v. Freedom Church*, 613 F.2d 316, 319 (1st Cir.1979). Once the government made a *prima facie* showing, the burden was on Intervenor Antelman to establish government misconduct or some other reason why the summonses should not be enforced. When ordered by this Court to show cause why the summonses should not be enforced Antelman failed to meet this burden. Mr. Antelman is not entitled to attorneys' fees under the bad faith exception of section 2412(b). Alternately, attorneys' fees are sought under section 2412(d).

■■ The First Circuit opinion in *United States v. Yoffe*, 775 F.2d 447 (1st Cir.1985) established that the test to determine whether the government was "substantially justified" is one of reasonableness, both in law and fact. In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2555, 101 L.Ed.2d 490 (1988), the Supreme Court adopted the *Yoffe* standard and contrued substantial justification to mean "justified to a degree that could satisfy a reasonable person."

The government's decision not to pursue enforcement of the summonses does not constitute unreasonable or improper con-

duct entitling Intervenor to attorneys' fees. Upon determining that the information sought by the summonses was no longer necessary to accomplish the original objective, the Internal Revenue Service was justified in terminating enforcement, as well as litigation efforts. In fact, to do otherwise might be viewed to be improper. *United States v. Ford,* 737 F.2d 1506, 1508 (9th Cir.1984); *Alspach v. Director of Internal Revenue,* 527 F.Supp. 225 (Md. 1981).

The government was substantially justified in issuing the summonses to BayBank–Middlesex and State Street Trust Company and in seeking enforcement in the District Court. Intervenor's Application for Attorneys' Fees is denied.