945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Preston L. STEINERT, Mary E. Steinert, Petitioners-Appellants,
v.
UNITED STATES GOVERNMENT and Penny Thompson, Revenue Agent,
Douglas R. Johnson, Group Manager, Internal Revenue Service,
Centennial National Bank, Bank of Douglas County, Capital
Federal Savings and Loan, First Interstate Bank, Arapahoe
Bank and Trust, Respondents-Appellees.
 No. 91-1002.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 25, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioners, Preston L. and Mary E. Steinert, appeal from an order of the district court which denied their petition to quash and granted the United States' petition for summary enforcement of summonses issued against the respondent banks.
 
 
 3
 Petitioners argued below that the summonses should be quashed because proper authority had not been delegated to the Internal Revenue Service (IRS) in order to authorize issuance of the summonses. On appeal, petitioners argue that the district court converted the respondent banks' motions to dismiss to motions for summary judgment without notice thereby denying them the opportunity for discovery. Petitioners also argue they were denied their seventh amendment right to a jury trial, were erroneously denied witness fees and mileage, and the government was on a "fishing expedition." We affirm.
 
 
 4
 In order to obtain enforcement of a summons, the summons must be issued before a referral for criminal prosecution is made to the Justice Department. United States v. LaSalle Nat'l Bank, 437 U.S. 298, 318 (1978). The Commissioner of Internal Revenue "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the commissioner's possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58 (1964). "Material is relevant for purposes of summons enforcement if it ' "might throw light on the correctness of taxpayer's returns." ' " United States v. Southwestern Bank & Trust Co., 693 F.2d 994, 996 (10th Cir.1982) (quoting United States v. City Nat'l Bank & Trust Co., 642 F.2d 388, 389 (10th Cir.1981) (which quoted United States v. Davey, 543 F.2d 996, 1000 (2d Cir.1976))).
 
 
 5
 The burden then shifts to the taxpayer. The taxpayer must establish that enforcement of the summons would amount to an abuse of the court's process. United States v. Balanced Fin. Management, Inc., 769 F.2d 1440, 1444 (10th Cir.1985). He must prove lack of good faith in that the government has abandoned its pursuit of any possible civil penalties. Id. More than just producing evidence calling into question the government's prima facie case, the taxpayer must fully bear the burden of proof by factually opposing the government's allegations by means of affidavits. Id.
 
 
 6
 While the government did not clearly state that no referral to the Justice Department had been made, petitioners have not alleged any such referral nor have they alleged that the government has abandoned its pursuit of civil remedies. In order to meet its requirements under Powell, the government stated that petitioners' tax liabilities were being investigated and that the summoned information would be used to identify any financial transactions, assets, and liabilities not previously acknowledged by petitioners. The government stated that the summoned information was not already in the possession of the IRS and that all administrative steps had been followed. The government has met the Powell requirements. Because we hold that the government met the Powell requirements, we necessarily hold that the government was not on a "fishing expedition." See Southwestern Bank & Trust, 693 F.2d at 995-96.
 
 
 7
 In their petition to quash, petitioners alleged that the inspecting revenue agent "refused to present any type of proof of delegated authority to conduct investigation," and "refused to discuss the reason behind such an extensive audit." R. 1 at 2. Petitioners also alleged their filed tax returns were complete. These unsupported allegations are insufficient to meet petitioners' burden of proof. See Balanced Fin. Management, Inc., 769 F.2d at 1444. Further, we have previously rejected petitioners' argument that authority to issue summonses has been improperly delegated to the IRS. See United States v. Finer, 709 F.2d 1350, 1350-51 (10th Cir.1983).
 
 
 8
 Petitioners argue that the district court converted the respondent banks' motions to dismiss to summary judgment motions without notice to them. Even had such a conversion occurred, no reversible error is present because petitioners filed their own sworn affidavits in response. See Nichols v. United States, 796 F.2d 361, 364 (10th Cir.1986). Any conversion by the district court without notice was not error.
 
 
 9
 Petitioners further argue that by converting the motions to dismiss to motions for summary judgment, petitioners were denied discovery. " '[D]iscovery is available in summons enforcement proceedings only in extraordinary situations.' " Balanced Fin. Management, Inc., 769 F.2d at 1445 (quoting United States v. Southern Tanks, Inc., 619 F.2d 54, 56 (10th Cir.1980)). The defenses petitioners assert here do not require discovery. Id.
 
 
 10
 Petitioners argue that they were denied their right to jury trial as guaranteed by the seventh amendment. The Supreme Court has consistently interpreted the seventh amendment to refer to " 'suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.' " Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989) (quoting Parsons v. Bedford, Breedlove & Robeson, 28 U.S. 433, 447 (1830) (emphasis added in Granfinanciera ). Here, petitioners, in seeking to have the summonses quashed, are seeking equitable relief. Further, the government's petition for enforcement of the summons is also equitable in nature. Cf. Kennedy v. Rubin, 254 F.Supp. 190, 194 (N.D.Ill.1966) ("[A] suit to compel compliance with an administrative subpoena is, by nature of the relief sought, a mandatory injunction proceeding, equitable in character, and traditionally triable by a Court alone, without the aid of a jury."). See Anaya v. United States, 815 F.2d 1373 (10th Cir.1987); Balanced Fin. Management, Inc., 769 F.2d at 1440.[1]
 
 
 11
 Petitioners argue they are entitled to witness fees and travel expenses. Payment of witness fees and travel expenses to persons summoned to appear before the IRS is authorized. See 26 U.S.C. § 7610(e). Payment of witness fees and travel expenses is not required, however, prior to compliance with a summons. United States v. Money, 744 F.2d 779, 780 (11th Cir.1984). Petitioners state they have appeared before a revenue agent, however, they have not yet complied with the summonses.
 
 
 12
 Petitioners' remaining arguments are likewise without merit.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Even if this were an action historically entitled to a jury trial, "[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." Lehman v. Nakshian, 453 U.S. 156, 160 (1981). A "plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." Id. at 168. No such right was created here