**Robert BOUVIER, Plaintiff,**

v.

**Carolyn W. COLVIN, Acting Commissioner, Social Security Administration, Defendant.**

**C.A. No. 11–478–M.**

United States District Court, D. Rhode Island.

April 8, 2013.

David B. Green, Green & Greenberg, Providence, RI, for Plaintiff.

Michael P. Iannotti, U.S. Attorney Office, Providence, RI, for Defendant.

### *MEMORANDUM AND ORDER*

JOHN J. McCONNELL, JR., District Judge.

Robert Bouvier seeks attorney's fees under the Equal Access to Justice Act (EAJA) (ECF No. 15) after this Court issued judgment in his favor (ECF No. 14) concerning his application for Social Security disability benefits. The Commissioner objects to an award of fees (ECF No. 16) claiming that she was "substantially justified" in defending the case. This Court finds that the Commissioner has failed in her burden of proving that her position was substantially justified and therefore GRANTS Mr. Bouvier's motion for attorney's fees.

The EAJA provides that "the government shall pay the attorneys' fees of parties that prevail against it in civil litigation,[1] if the Court finds that the govern-

---

1. The Commissioner concedes that Mr. Bouvier is a prevailing party. (ECF No. 16 at 2.)

ment's position was not 'substantially justified.'" *McDonald v. Secretary of HHS,* 884 F.2d 1468, 1472 (1st Cir.1989). The burden of establishing such justification is on the government. *Id.* at 1475 (citing *United States v. Yoffe,* 775 F.2d 447, 450 (1st Cir.1985)).

There have been many judicial opinions setting forth the definition of "substantially justified," best summarized by the First Circuit as follows:

> An action is "substantially justified" if "it has a reasonable basis in law and fact." [*Pierce v. Underwood,* 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) ]. The government's conduct must be "justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. 2541; *see also* [*Schock v. United States,* 254 F.3d 1, 5 (1st Cir.2001) ]. The government need only have a "reasonable basis both in law and fact for its position." *De Allende v. Baker,* 891 F.2d 7, 12 (1st Cir. 1989); *see also United States v. Yoffe,* 775 F.2d 447, 449 (1st Cir.1985).

*Aronov v. Napolitano,* 562 F.3d 84, 94 (1st Cir.2009).

■ This Court is required to make an independent judgment as to whether an award is warranted. The answer is not "wedded to the underlying judgment on the merits," *Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1087 (D.C.Cir.1986), "[t]hough both roads may in a given instance lead to Rome, that will not always be the case." *Sierra Club v. Secretary of the Army,* 820 F.2d 513, 517 (1st Cir.1987).

■ After a review of the agency's action and having studied and reviewed the entire agency record in this case, this Court finds that the Commissioner has failed to meet her burden to prove that her action was sustainably justified.[2]

This Court found that the Administrative Law Judge's (ALJ's) decision, adopted by the Commissioner, was not supported in either law or fact. *See generally* ECF No. 13 at 24. In crucial areas upon which it relied, the decision of the ALJ was simply factually wrong (e.g., that the treating physician did not have the entire record available to her, *id.* at 23). Furthermore, this Court found incredible that the ALJ relied on a comment in the medical records that Mr. Bouvier appeared "well" on a particular day as a basis for rejecting her opinion that Mr. Bouvier was disabled. *Id.* at 22, n. 5. Moreover, the Court found that the ALJ did not follow Social Security Rulings or the Commissioner's own regulations. *Id.* at 20. This Court ultimately concluded that there was "not substantial evidence in the record" to support the ALJ's findings and therefore granted Mr. Bouvier's Motion to Reverse. *Id.* at 24.

These facts support this Court's conclusion that the Commissioner has failed to meet her burden of proving that the agency's action was substantially justified. Even when the underlying case was deemed a "close" call, courts have found no substantial justification and awarded attorney's fees. *McDonald,* 884 F.2d at 1477.

■ The Commissioner relies almost exclusively on the fact that the Magistrate Judge in a Report and Recommendation to this Court recommended that the Commissioner's decision be upheld. ("The Commissioner's position was substantially justified because it satisfied a reasonable person—United State Magistrate Judge Lincoln D. Almond." ECF No. 16 at 3). But that fact is not sufficient for the Commissioner to meet her burden of proof. The government is "not exempted from liability under EAJA merely because it

---

**2.** Both the government agency's "litigating position" as well as the underlying agency

action must be "substantially justified." *McDonald,* 884 F.2d at 1476.

prevailed at some interim point in the judicial process." *Sierra Club*, 820 F.2d at 517 (citing *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir.1985)).

Mr. Bouvier's Motion for EAJA Fees (ECF No. 15) is GRANTED and he is awarded $5057.50.[3]

IT IS SO ORDERED.

---

3. The Commissioner does not challenge the reasonableness of the hours or the rate.

(ECF No. 16 at 5).