John J. McConnell, Jr., United States District Judge
The Equal Access to Justice Act, 28 U.S.C. § 2412(a), (d) (EAJA), provides that "the government shall pay the attorneys' fees of parties that prevail against it in civil litigation,[2] if the Court finds that the government's position was not 'substantially justified.' " McDonald v. Sec'y of HHS , 884 F.2d 1468, 1472 (1st Cir. 1989).
*583 The burden of establishing such justification is on the government. Id. at 1475 (citing United States v. Yoffe , 775 F.2d 447, 450 (1st Cir. 1985) ). Derek L. Diggett seeks attorney's fees under the EAJA after this Court ruled in his favor concerning his application for Social Security disability benefits. The Commissioner objects to an award of fees claiming that she was "substantially justified" in defending the case. Alternatively, the Commissioner urges the Court to reduce the fee requested. After a review of the Commissioner's actions and having studied and reviewed the entire record in this case, the Court finds that the Commissioner has failed in her burden of proving that her position was substantially justified and that Mr. Diggett's attorney's fees are reasonable. The Court GRANTS Mr. Diggett's Motion for Attorneys' Fees. ECF No. 22.
This Court is required to make an independent judgment as to whether an award is warranted. The answer is not "wedded to the underlying judgment on the merits," Fed. Election Comm'n v. Rose , 806 F.2d 1081, 1087 (D.C. Cir. 1986), "[t]hough both roads may in a given instance lead to Rome, that will not always be the case." Sierra Club v. Sec'y of the Army , 820 F.2d 513, 517 (1st Cir. 1987). Both the government agency's "litigating position" as well as the underlying agency action-including the ALJ's [Administrative Law Judge] decision-must be "substantially justified." McDonald , 884 F.2d at 1476. "An action is substantially justified if 'it has a reasonable basis in law and fact.' The government's conduct must be 'justified to a degree that could satisfy a reasonable person.' The government need only have a 'reasonable basis both in law and fact for its position.' " Aronov v. Napolitano , 562 F.3d 84, 94 (1st Cir. 2009) (citations omitted).
In its decision entering judgment in Mr. Diggett's favor, remanding his claim back to the Commissioner, the Court found that the ALJ's decision was based on an incomplete record. See ECF No. 20 at 5. The ALJ's decision denying benefits, adopted by the Commissioner, ignored a significant change in Mr. Diggett's condition-his weight gain. This was factually and legally unreasonable based on the record that both the ALJ and the Commissioner had upon review. See Riley v. Astrue , No. 10-445-WES, 2011 WL 5041216, at *9 (D.R.I. Sept. 30, 2011) (ALJ erred in evaluating claimant's obesity as a measure of disability). And the fact that the Magistrate Judge recommended to this Court that the Commissioner's decision be upheld does not weigh in favor of the Commissioner meeting her burden of proof. Bouvier v. Colvin , 938 F.Supp.2d 260, 262-63 (D.R.I. 2013) (government is "not exempted from liability under EAJA merely because it prevailed at some interim point in the judicial process."); Sierra Club v. Sec'y of the Army , 820 F.2d 513, 517 (1st Cir. 1987).
The facts of this case support this Court's conclusion that the Commissioner has failed to meet her burden of proving that the agency's action was substantially justified. McDonald , 884 F.2d at 1477 (finding that even when the underlying case was deemed a "close" call, courts have found no substantial justification and awarded attorney's fees.). Mr. Diggett is entitled to attorney's fees under EAJA; now the Court turns to the Commissioner's challenge to the reasonableness of the hours and rate that Mr. Diggett's attorney requests.
In his motion, Mr. Diggett requests a total award of $20,937.56, which represents the original request of 88.2 hours[3] *584 for a total of $17,273.30 plus the additional $3,664.26 for the 18.7 hours spent in 2017 responding to the Commissioner's objection to the EAJA fee request. The Commissioner arbitrarily proposes that the Court limit Mr. Diggett to 40 hours at the EAJA's statutory rate of $125 per hour not to include any annual cost of living adjustment. The Commissioner initially offered no support for this proposition except its bald assertion that the case was "garden variety," but in her sur-reply, she points to average EAJA fees in some other jurisdictions that are substantially less than the fees requested here.[4] As previously noted, the Court is required to render an independent judgment about whether Mr. Diggett is entitled to fees under the EAJA and what a reasonable fee is in the circumstances of his case. This Court finds after having presided over this case, that the work done by counsel was appropriate, thorough, and of exceptional quality. His hours and rate, to include a cost of living adjustment, are more than reasonable.
Mr. Diggett's Motion for EAJA Fees (ECF No. 22) is GRANTED and he is awarded $20,937.56. The Commissioner's motion for oral argument is DENIED.
IT IS SO ORDERED.

The Commissioner does not contest that Mr. Diggett is an eligible party or a prevailing party. (ECF No. 23 passim ).

Mr. Diggett's attorney spent 2.9 hours in 2016 at the EAJA adjusted rate of $192.68/hour and 85.3 hours in 2017 at the EAJA adjusted rate of $195.95/hour.

The average amount paid in these jurisdictions (Eastern District of Michigan, Maine, Massachusetts, New Hampshire, Rhode Island, and Western District of Michigan) is between $4000 and $6000. This is perhaps where the Commissioner came up with the suggestion that 40 hour times $125/hour formula is reasonable in this case. That formula would total a $5000 award.