**Helen GATSON, Plaintiff–Appellant,**

**v.**

**Otis R. BOWEN, M.D., Secretary of the Department of Health and Human Services, Defendant–Appellee.**

No. 86–1078.

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1988.

Martha L. Ridgway, Wyandotte–Leavenworth Legal Services, Kansas City, Kan., for plaintiff-appellant.

Robert A. Olsen, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with him on the response), Kansas City, Kan., for defendant-appellee.

Before McKAY, ANDERSON and BALDOCK, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

In a previous opinion, *Gatson v. Bowen*, 838 F.2d 442 (10th Cir.1988), we reversed the district court's affirmance of the Social Security Administration's (SSA's) denial of social security benefits to the claimant. We held that the SSA failed to apply the correct standards to the evaluation of subjective pain and had improperly applied the medical-vocational guidelines to meet its burden of producing substantial evidence that the claimant had the residual functional capacity (RFC) for light work. We remanded the case for an award of Social Security benefits. The claimant now seeks attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, alleging that the SSA's administrative and litigative position lacked substantial justification.

The EAJA allows a prevailing party to recover litigation costs against the United States government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). The test for whether the position was substantially justified is reasonableness in law and fact. *Pierce v. Underwood*, — U.S. —, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). *See also Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 985 (10th Cir.1986). In other words, the government's position must be "'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." *Pierce*, — U.S. at —, 108 S.Ct. at 2250. A 1985 amendment to the EAJA established that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

■■■ *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir.), *cert. denied*, 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984) (citation omitted) observes that the reasonableness test breaks down into three parts: the government must show "that there is a reasonable basis ... for the facts alleged ..., that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." In the case before us, the government's failure to demonstrate a reasonable basis for its legal theory concerning the evaluation of subjective pain is dispositive. Assuming that the SSA reasonably believed that the medical facts supported its decision that the claimant retained the RFC for light work, nonetheless, the SSA evaluated the claimant's subjective pain using a theory that had been rejected by the 1984 congressional pain statute, 42 U.S.C.A. § 423(d)(5)(A). By the time of the Appeals' Council refusal to review the decision of the administrative law judge (ALJ), it was clear from statutory language that the *severity* of the claimant's alleged pain need not be established by medical signs and findings. Instead the medical information need only substantiate the existence of abnormalities that "could reasonably be expected to produce the pain ... alleged...." *Id.* The SSA's litigative posture continued to support the view that the medical signs and findings not only must be reasonably consistent with disabling pain but must corroborate such pain. In its response to appellant's motion for attorney's fees, the

SSA offers no explanation for the ALJ's interpretation of the subjective pain standard except to argue that the ALJ considered the objective and subjective evidence of pain in concluding that it was not as credible or limiting as alleged. What the SSA ignores, however, is the fact that the ALJ determined the credibility of the pain testimony by a comparison with the medical evidence, which in his view apparently did not substantiate the *severity* of the pain, something it is not required to do. On no other grounds did the ALJ find the claimant's testimony unpersuasive or not credible. Because the SSA's theory of the law is inconsistent with the congressional pain statute, it was not reasonable. We, therefore, find that it lacked substantial justification.[1]

■ Still remaining to be resolved is the extent of the reimbursement available to the claimant's attorneys. Various issues are hotly contested, among them the number of hours billed, the maximum hourly rate available, and the appropriate hourly rate of reimbursement for varying levels of service, some of which appear to be clerical rather than legal. Such disputed issues of fact are best determined by the district court. *Fulton v. Heckler,* 784 F.2d 348, 349 (10th Cir.1986). *See also Harris v. Secretary of Health and Human Services,* 836 F.2d 496, 498 (10th Cir.1987); *Kemp v. Bowen,* 822 F.2d 966, 968 (10th Cir.1987). We, therefore, remand to the district court for calculation of the appropriate attorney's fee award.

---

1. The government also argues that its position was substantially justified because the district court upheld the decision of the SSA. This argument has already been discredited by *Weakley v. Bowen,* 803 F.2d 575, 579 (10th Cir. 1986).