In re the ESTATE OF Michael Patrick SMITH and Carolyn Finnell, Individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

and

People of the State of Colorado, ex rel., J.D. MacFarlane; Attorney General for the State of Colorado; Colorado Department of Health; Colorado Board of Health; Colorado Department of Social Services; Colorado Board of Social Services, Plaintiffs–Intervenors,

v.

Thomas J. O'HALLORAN, doing business as Heritage House Nursing Care Center, individually and in his capacity as Administrator of Heritage House Associates; Heritage House Associates, a limited partnership, doing business as Heritage House Nursing Care Center; Oscar Gross; H. Sol Ceronsky, Jack D. Feuer; M.J. Beitscher; Harry Berman; Bernard Ceronsky; Louis L. Fox; Howard D. Greyber; Martin Gross; Solomon Gross; Arnold Heller, M.D.; Barry B. Melnick; Manuel Nash; Henry G. Foley, in his capacity as Executive Director of the Colorado Department of Social Services; Thomas J. Gillgannon, in his capacity as Acting Director of the Medical Assistance Division of the Colorado Department of Social Services; Margaret Marshall; Warren A. Woalaver; Manuel M. Diaz; John H. Fowler; Joanna Paterson; Thomas C. Hickman; Gilbert R. Slade; James H. Vincent, in their official capacity as constituting the Colorado Board of Social Services; Edward Dreyfus, M.D., in his capacity as Director of the Colorado Department of Health; William M. Covode; Robert R. Sabin; Warren A.

Broaderson; John Eeliff, M.D.; J.W. Kriss, D.D.S.; Ruth M. Wright; Richard Bluestein; Charles Mitchell; Margaret D. Lewis, in their official capacity as constituting the Colorado Board of Health, Defendants,

Louis Sullivan, M.D., in his capacity as Secretary of the Department of Health and Human Services, Defendant–Appellee.

No. 90–1105.

United States Court of Appeals, Tenth Circuit.

April 22, 1991.

Rehearing Denied July 2, 1991.

Edwin S. Kahn (Terre Lee Rushton and Christine L. Murphy with him on the briefs), Denver, Colo., for plaintiffs-appellants and plaintiffs-intervenors.

John F. Daly (Stuart M. Gerson, Asst. Atty. Gen., Michael J. Norton, U.S. Atty., Michael Jay Singer with him on the brief), Washington, D.C., for defendant-appellee.

Before ANDERSON, BARRETT and McWILLIAMS, Circuit Judges.

BARRETT, Senior Circuit Judge.

Plaintiffs-appellants seek review of three orders of the district court denying in part and granting in part their request for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §§ 2412(b) and (d)(1)(A)[1] and the Civil Rights Attorney's

---

1. § 2412(b) provides in part:
   Unless expressly prohibited by statute, a court may award reasonable attorney fees and expenses of attorneys . . . to the prevailing party in

any civil action brought by or against the United States. . . . The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the com-

Fees Awards Act, 42 U.S.C. § 1988.[2] A summary of the lengthy litigative history will facilitate our review.

Plaintiffs initiated this class action in 1975 against the Secretary of Health and Human Services (Secretary) seeking relief under 42 U.S.C. § 1983 on behalf of medicaid recipients residing in nursing homes in Colorado. Plaintiffs alleged that the Secretary had a statutory duty under 42 U.S.C. §§ 1396–1396n (1982), commonly referred to as the Medicaid Act, to develop and implement a system of nursing home review designed to ensure that medicaid recipients residing in medicaid certified nursing homes actually receive the optimal medical and psychological care they are entitled to under the Medicaid Act. The plaintiffs further alleged that the enforcement system developed by the Secretary was "facility oriented" and not "patient oriented," and thereby failed to meet the statutory mandate of the Act.

On February 8, 1983, the district court dismissed plaintiffs' claims and entered judgment in favor of the Secretary, finding that although a "patient oriented" system was feasible, the Secretary did not have the duty to introduce and require the use of such a system. *Estate of Smith v. O'Halloran*, 557 F.Supp. 289 (D.Colo.1983). Specifically, the district court found that:

> Particularly at issue in this case is ... [the] ... development of the forms required for the states to demonstrate that facilities participating in the Medicaid program under an approved state plan meet the conditions of participation which are contained in the Act. Form SSA–1569 is the form which HHS has required the states to use. It is said to be defective because it is "facility-oriented" rather than "patient-oriented." That

characterization is appropriate and HHS has admitted it repeatedly.

\* \* \* \* \* \*

> It is clear from the evidence in this case that it is feasible for the Secretary to require the use of a patient care management system which would control the assessment of patient needs, facilitate the development of an appropriate patient care plan, provide the mechanism for monitoring the delivery of care by the facility itself ... and probably improve the quality of health care services provided for all Medicaid recipients. The question then, is not whether such a system is possible or feasible, or whether it is desirable. The issue before this court is whether the failure to introduce and require the use of such a system is a violation of a statutory duty. The answer is no.

\* \* \* \* \* \*

> Based on the evidence presented at trial and on my analysis of the Medicaid Act, I hold that the Secretary's failure to introduce and require the use of a patient care management system of the sort advocated by the plaintiffs is not a violation of her statutory duties under the Act. Therefore, the plaintiffs' claims against the federal defendant must be dismissed.

557 F.Supp. at 295, 299.

Plaintiffs appealed. On October 29, 1984, this court reversed and remanded, holding that the Secretary's failure to promulgate patient oriented regulations was an abdication of her duty and that the Secretary's failure to follow the Act's focus on a patient oriented enforcement system was arbitrary and capricious. *Estate of Smith v. Heckler*, 747 F.2d 583 (10th Cir. 1984). We there held that:

---

mon law or under the terms of any statute which specifically provides for such an award. § 2412(d)(1)(A) provides in part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or the that special circumstances make an award unjust.

**2.** § 1988 provides in part:

Every person who, under color of any statute, ordinance, regulation ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges or immunities secured by the Constitution ... shall be liable to the party injured....

After carefully reviewing the statutory scheme of the Medicaid Act, the legislative history, and the district court's opinion, we conclude that the district court improperly defined the Secretary's duty under the statute....

Nothing in the Medicaid Act indicates that Congress intended the physical facilities be the end product. Rather, the purpose of the Act is to provide medical assistance and rehabilitative services. 42 U.S.C. § 1396. The Act repeatedly focuses on the care to be provided, with facilities only being part of that care....

\* \* \* \* \* \*

... In fact, the quality of care provided to the aged is the focus of the Act. Being charged with this function, we must conclude that a failure to promulgate the regulations that allow the Secretary to remain informed, on a continuing basis, as to whether facilities receiving federal money are meeting the requirements of the Act, is an abdication of the Secretary's duty....

The district court made a factual finding that the Secretary's current method of informing herself as to whether the facilities in question are satisfying the statutory requirements is "facility oriented" rather than "patient oriented".... Having determined that the purpose and the focus of the Act is to provide high quality medical care, we conclude that by promulgating a facility oriented enforcement system [in lieu of a patient oriented system] the Secretary has failed to follow that focus and such failure is arbitrary and capricious.

747 F.2d at pp. 589–590.

On April 29, 1985, the district court ordered the Secretary to file a plan of action and timetable to be followed in compliance with this court's remand. On May 14, 1985, plaintiffs filed an application for $352,689 in attorneys' fees pursuant to § 1988 and the EAJA. On June 10, 1985, the Secretary filed a plan. On August 9, 1985, the district court entered an opinion and order in which it denied plaintiffs' motion for attorneys' fees. *Estate of Smith v. Heckler*, 622 F.Supp. 403 (D.Colo.1985).

In so doing, the district court found that attorneys' fees were not recoverable under § 1988 against a federal defendant whose challenged action was based on federal rather than state law. The court utilized the same basic reasoning in finding that plaintiffs were not entitled to recover attorneys' fees under § 2412(b), but the court further determined that attorney fees were not recoverable under § 2412(d)(1)(A) since the Secretary's position was reasonable and therefore substantially justified. The court observed:

It is true that this court's decision was reversed by the Tenth Circuit Court of Appeals. However, in view of the fact that this court saw fit to rule in favor of the Secretary on every claim asserted against her, it cannot be said that the Secretary's position, both legal and factual, was not reasonable.

622 F.Supp. at p. 408.

Within its opinion and order, the district court ordered that the Secretary, by October 31, 1985, "develop and publish a notice of proposed rule making ... regarding a new system which will enable the Secretary to perform the duty prescribed by the Tenth Circuit Court of Appeals ...," 622 F.Supp. at p. 412.

On October 4, 1985, plaintiffs moved for relief from or amendment to judgment. Plaintiffs alleged that in view of certain amendments to § 2412(d)[3] which had become effective on August 5, 1985, and which applied to pending cases, the district court should reconsider its finding of substantial justification *vis a vis* their claim for attorneys' fees under § 2412(d)(1)(A).

On June 13, 1986, the Secretary published a Final Rule. Thereafter, plaintiffs moved for declaratory judgment alleging that the Rule was inadequate. On March 24, 1987, the district court entered an opin-

---

**3.** In 1985 § 2412(d)(1)(A) was amended to further define "civil action" as one "including proceedings for judicial review of agency action". The amendment applied to cases pending on or commenced on or after August 5, 1985. *Ewing v. Rodgers*, 826 F.2d 967, 968 n. 1 (10th Cir. 1987).

ion and order in which it found that the Rule was inadequate because it failed to provide a sufficient description of or actual substance of the proposed system. *Estate of Smith v. Bowen*, 656 F.Supp. 1093, 1096 (D.Colo.1987). The court found that "[t]he refusal of the Secretary to be bound by specific procedures, guidelines and forms is a dereliction of his duty as defined in this litigation." *Id.*

The court also found that the procedure utilized by the Secretary for providing comment on the Rule was flawed in that it did not provide sufficient time for meaningful comment and that "[t]he Secretary's failure to extend the period [for comment] pursuant to the numerous requests to do so was arbitrary and capricious." 656 F.Supp. at 1099. Lastly, the court directed that the Secretary publish a notice of proposed rulemaking on or before June 1, 1987. Upon the Secretary's motion, the time for publication was extended to July 1, 1987.

On April 22, 1987, plaintiffs filed a supplemental application for attorneys' fees and costs for services from May 7, 1985, through April 22, 1987.

On July 1, 1987, the Secretary published a notice of proposed rule. Plaintiffs subsequently filed a motion for contempt or in the alternative for an order of mandamus, alleging that the Secretary had failed to publish a notice of proposed rulemaking in accordance with the prior order of the district court. On December 18, 1987, the district court entered an opinion and order finding that "[t]he law of this case is clear," that the Secretary had failed to comply with its prior order, and that such failure constituted contempt of court. *Estate of Smith v. Bowen*, 675 F.Supp. 586, 589–90 (D.Colo.1987). The court also directed the Secretary "to promulgate a rule" in accordance with its order. *Id.*

The Secretary appealed the contempt finding to this court but later dismissed the appeal and subsequently published new regulations in conformity with our remand and the orders of the district court.

On January 19, 1988, plaintiffs filed a second supplemental application for attor-

neys' fees and costs incurred from October 5, 1985, through January 19, 1988.

Plaintiffs' October 4, 1985, motion for relief from or amendment to judgment, directed to the district court's August 9, 1985, opinion and order, was "overlooked" by the district court until March 3, 1988. On that date, the district court entered a minute order denying the motion after finding "that there is nothing persuasive presented which would change the conclusions reached in the subject order." (R., Vol. II, Tab 46).

On June 17, 1988, more than three and one-half years following our reversal and remand in *Estate of Smith v. Heckler*, 747 F.2d 583, the Secretary promulgated regulations in compliance with our remand and the repeated orders of the district court.

On March 15, 1990, the district court entered an order disposing of plaintiffs' two supplemental applications for attorneys' fees and costs from May 7, 1985, and January 19, 1988. In so doing, the court found that:

> For attorneys' fees purposes, the definitive order in this case is that of March 24, 1987. In that order, this court explicitly directed the Secretary to promulgate specific and binding procedures, guidelines, and forms, and set out the necessary procedural course for the promulgation of a NPRM [notice of proposed rule making] that would satisfy the mandates of this court and the Court of Appeals. The Secretary did not comply with those directives, and subsequently was found in contempt. From the issuance of the March 24, 1987 order, the law of this case was clear, and the Secretary's non-compliance unreasonable. The Secretary's actions thus were not "substantially justified" under the EAJA, and the plaintiffs are entitled to the fees that they incurred because of those actions.

(R., Vol. II, Tab 54, at p. 7).

Thereafter, the district court awarded plaintiffs' attorneys' fees of $12,231.25, representing $125 per hour for the 97.85 hours of work performed by plaintiffs' counsel after the district court's order of

March 24, 1987. In awarding plaintiffs' attorneys' fees at $125 per hour, the court acknowledged that the plaintiffs' attorneys were entitled to a fee enhancement under the EAJA inasmuch as their "experience over the fifteen year course of this litigation rendered them uniquely qualified to aid this court in identifying and remedying the deficiencies in the Secretary's compliance with the applicable court orders." (R., Vol. II, Tab 54, at p. 8.).

On appeal, plaintiffs challenge the district court's orders of August 9, 1985, and March 3, 1988, denying attorneys' fees and costs from the commencement of this litigation to May 7, 1985, as well as that portion of the March 15, 1990, order denying fees from May 7, 1985, to March 24, 1987. The Secretary has not cross-appealed from that portion of the March 15, 1990, order awarding attorneys' fees to plaintiffs from March 24, 1987, to March 15, 1990.

Plaintiffs contend that: (1) they are entitled to attorneys' fees under § 2412(d)(1)(A) since the commencement of the action; (2) the court erred in denying their request for attorneys' fees under § 1988; and (3) they are entitled to attorneys' fees under § 2412(b). Because of its dispositive nature, our discussion will be limited to plaintiffs' first contention.

We review a district court's application of the EAJA under an abuse of discretion standard. *Pierce v. Underwood,* 487 U.S. 552, 562, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988) ("We think that the question of whether the Government's litigating position has been 'substantially justified' is ... likely to profit from the experience that an abuse-of-discretion rule will permit to develop").

Plaintiffs contend that they are entitled to attorneys' fees under § 2412(d)(1)(A) for work done since the inception of the case. Plaintiffs argue that the district court abused its discretion in denying all pre-contempt fees. We agree.

■ The EAJA is a waiver of sovereign immunity and therefore must be strictly construed. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *United States v.*

*Charles Gyurman Land & Cattle Co.,* 836 F.2d 480, 483 (10th Cir.1987). Under § 2412(d)(1)(A), a prevailing non-government party "shall" be awarded fees "unless" the court finds that the position of the government was "substantially justified" or that special circumstances make an award unjust:

A three way classification is thus envisioned: 1) the non-government party prevails and the government's position is not substantially justified, 2) the non-government party prevails and the government's position is substantially justified, and 3) the non-government party does not prevail. Only in the first of these cases "shall" the court award attorney fees. Conversely, the court may not award fees in the second and third cases.

*United States v. Charles Gyurman Land & Cattle Co.,* 836 F.2d at 483.

■ Under the EAJA, the government bears the burden of showing that its position was substantially justified. *Hadden v. Bowen,* 851 F.2d 1266, 1267 (10th Cir.1988). To do so, the government must prove that its case had a reasonable basis in law and in fact. *Id.* The term "substantially justified" has been defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood, supra,* 487 U.S. at 565, 108 S.Ct. at 2550. The fact that a district court, such as here, has upheld an agency's decision does not establish that the agency's position was substantially justified. *Gatson v. Bowen,* 854 F.2d 379, 380-81 (10th Cir.1988); *Weakley v. Bowen,* 803 F.2d 575, 579 (10th Cir.1986).

■ Applying these standards to the instant case, we must hold that the district court erred in finding that the position of the Secretary was substantially justified under § 2412(d)(1)(A) from the commencement of this litigation until March 24, 1987, in light of this court's prior holding that the Secretary had abdicated her duty under the Medicaid Act when she failed to promulgate patient oriented regulations and that her failure to follow the patient oriented focus of the Act was arbitrary and

capricious. *See Estate of Smith v. Heckler*, 747 F.2d at 589–90. The district court abused its discretion, when, following our remand, it denied plaintiffs' initial request for attorneys' fees under § 2412(d)(1)(A) based on its finding that "in view of the fact that this court saw fit to rule in favor of the Secretary on every claim asserted against her, it cannot be said that the Secretary's position, both legal and factual, was not reasonable." *Estate of Smith v. Heckler*, 622 F.Supp. at 408. As set forth, *supra*, the fact that a district court has upheld an agency's decision does not establish that the agency's position was substantially justified. *Gatson v. Bowen; Weakley v. Bowen.*

Similarly, the district court abused it discretion when it denied, in part, plaintiffs' supplemental applications for attorneys' fees under § 2412(d)(1)(A) for services rendered from May 7, 1985, to March 24, 1987, based on its finding that "[f]or attorneys' fees purposes, the definitive order in this case is that of March 24, 1987." (R., Vol. II, Tab 54, at p. 7). This finding overlooks this court's prior holding of October 29, 1984, (*Estate of Smith v. Heckler, supra*) that the Secretary's failure to promulgate patient oriented regulations was an abdication of her duty and that the Secretary's failure to follow the Act's focus was arbitrary and capricious. Moreover, the finding also overlooks the fact that the Secretary did not promulgate her regulations in accordance with this court's opinion and the repeated orders of the district court until June 17, 1988, some three and one-half years after our remand.

After this court held that the Secretary's failure to promulgate patient oriented regulations was an abdication of her duty under the Act and arbitrary and capricious, there was no justification for the district court's subsequent findings that the Secretary's actions were nevertheless substantially justified under § 2412(d)(1)(A) until March 24, 1987.

28 U.S.C. § 46(c) provides that cases and controversies shall be heard by a court of appeals panel of not more than three judges unless a hearing or rehearing en banc is ordered by a majority of the circuit judges of the circuit who are in regular active service. *See also* Tenth Circuit Rule 35. A panel of a court of appeals is not authorized to overrule a prior decision of the court; such overruling can only be done *en banc. United States v. Berryhill*, 880 F.2d 275, 277 (10th Cir.1989).

*Estate of Smith v. Heckler, supra*, was a panel determination. A petition for rehearing with a suggestion for rehearing *en banc* was denied. Under these circumstances, that opinion is binding on this panel, just as it is binding on the district court.

REVERSED AND REMANDED for further proceedings consistent herewith.