George E. WILLOUGHBY, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

Civil No. 94–C–896S.

United States District Court,
D. Utah,
Central Division.

June 14, 1996.

Ward W. Carper, Salt Lake City, Utah, for plaintiff.

Carlie Christensen, Asst. U.S. Atty., United States Attorney's Office, District of Utah, Salt Lake City, Utah, for defendant.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES

SAM, District Judge.

The plaintiff, George E. Willoughby, moved for an award of attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For reasons discussed more fully below, the motion is granted in part and denied in part.

### I.  Background

After reviewing the Commissioner's final decision denying Mr. Willoughby disability insurance benefits, the court [1] remanded the case for rehearing pursuant to 42 U.S.C. § 405(g), sentence 4. The court determined

---

1. Senior Judge Aldon J. Anderson entered the   underlying decision in this case.

that the Commissioner made the same legal error as in *Kepler v. Chater:*

> [T]he ALJ [administrative law judge] gave his conclusion [that the claimant's pain was not disabling] but not the reasons for his conclusion. The ALJ stated that he was applying the framework set forth in *Luna* [*v. Bowen*, 834 F.2d 161] [ (10th Cir.1987) ] but we are left to speculate what specific evidence led the ALJ to find claimant's pain was not disabling.
>
> .    .    .    .    .
>
> Though the ALJ listed some of [the *Luna* ] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

(Order at 7, quoting 68 F.3d 387, 391 (10th Cir.1995)).

The court also found that some of the ALJ's boilerplate [2] statements regarding Mr. Willoughby's allegations of pain, had "little or no support" in the record.[3] *Id.*

On the other hand, the court observed that none of Mr. Willoughby's treating physicians seemed to think his pain was disabling. (Order at 9.) A treating orthopedic surgeon and a vocational evaluator both opined that Mr. Willoughby could still do some lighter work. *Id.* Accordingly, the court did not "dictat[e] any result" to the Commissioner but remanded the case "for the limited purpose of having the Commissioner make express findings, in accordance with *Luna* and subsequent Tenth Circuit precedent, concerning Mr. Willoughby's allegations of disabling pain." (Order at 10.) The court explained that "[s]uch a remand 'simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case.' " *Id.* (quoting *Kepler*, 68 F.3d at 391–392).

## II. Discussion

### A. Entitlement to an award of fees and other expenses

■ Under the EAJA, a party who prevails in a suit against an agency of the United States is entitled to an award of fees and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Mr. Willoughby became a "prevailing party" when he obtained a judgment remanding his case to the administration for additional proceedings under sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 301–302, 113 S.Ct. 2625, 2634, 125 L.Ed.2d 239 (1993); *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir.1995). However, the government argues that its position was substantially justified.

■ The government's position is substantially justified if it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Of course, a "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2.

■ The government has the burden of proving that its position was substantially justified. *Gutierrez v. Sullivan*, 953 F.2d 579, 584 (10th Cir.1992), *cert. denied*, 509 U.S. 933, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993). Under Tenth Circuit case law, "the test for substantial justification is essentially one of 'reasonableness in both law and fact.' " *Id.* (quoting *Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir.1986) and *United States v. Community Bank & Trust Co.*, 768 F.2d 311, 314 (10th Cir.1985)). The government must show: (1) "that there is a reasonable basis ... for the facts alleged"; (2) "that there exists a reasonable basis in law for the theory it propounds"; and (3) "that the facts will reasonably support the legal theory advanced." *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir.1988) (quoting *United States v.*

---

**2.** The court recognizes that an ALJ is presented with many cases that raise similar issues. The use of "boilerplate" findings is acceptable if those findings are supported by the facts of the case.

**3.** For example, the ALJ said, "The intensity of the claimant's pain has been shown to be variable in degree and not such as to present significant interference with the claimant's ability to concentrate," and "Upon strenuous exertion, his pain is magnified but subsides upon the assumption of less rigorous activities." (R. 73–74.)

*2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1487 (10th Cir.), *cert. denied,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984)).

■ Courts consider the reasonableness of the government's position "both in the administrative proceedings and in the civil action [the claimant] commenced to obtain benefits." *Gutierrez,* 953 F.2d at 584.

■ In each circuit, there are "specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Reyes v. Bowen,* 845 F.2d 242, 244 (10th Cir.1988). "Failure to follow these rules constitutes reversible error." *Id.* The government's position is not only incorrect but unreasonable when it fails to apply these well-established rules of law.

■ The government's position in this case was unreasonable in law to the extent that the ALJ cited, but failed to apply, the correct standards for evaluating subjective allegations of pain. *See Gatson,* 854 F.2d at 380 (awarding attorney fees where the administration "failed to apply the correct [Tenth Circuit] standards to the evaluation of subjective pain and had improperly applied the medical vocational guidelines"); *Thompson v. Sullivan,* 980 F.2d 280, 281–283 & n. 3 (government's position was not substantially justified in law where the administration failed to apply "longstanding" Fourth Circuit law for evaluating claims of disabling pain).

The government's position was also unreasonable in fact to the extent that the ALJ made inapposite, boilerplate findings that had "little or no support" in the record.

The government argues that its position was nevertheless justified "for the most part" because the record shows that no treating physician opined that Mr. Willoughby was disabled by pain, whereas a treating physician and a vocational evaluator both thought he could still perform some sedentary work.

■ The court disagrees. In determining whether the government's position was substantially justified, the court should focus on the issue that led to remand rather than the ultimate issue of disability. *Jenkins v. Chater,* 81 F.3d 172 (10th Cir. April 1, 1996)

(table, unpublished disposition); *Flores v. Shalala,* 49 F.3d 562, 566 (9th Cir.1995).

Thus, Mr. Willoughby is entitled to an award of attorney fees under the EAJA.

### B. Calculation of award

Mr. Willoughby's attorney raised two main issues on appeal: (1) whether the ALJ applied correct legal standards in evaluating Mr. Willoughby's credibility and "adequately addressed [Mr. Willoughby's] mental impairment, side effects of medications and exertional and nonexertional pain"; and (2) whether the ALJ's finding that there is alternative work in the national economy that [Mr. Willoughby] can perform is supported by substantial evidence. (Memorandum in Support of Motion to Reverse With or Without Remand, at 1.) The court agreed that the ALJ failed to properly evaluate Mr. Willoughby's allegations of pain but found "no merit to his other contentions." (Order at 4.)

Although Mr. Willoughby's attorney argued generally that the administration did not apply the correct legal standards for evaluating pain, he did not bring the similar *Kepler* case to the court's attention. (Memorandum in Support of Motion to Reverse at 4–9.) The court followed *Kepler* in ordering a remand.

■ Mr. Willoughby's attorney submitted an affidavit and supplemental affidavit in support of his motion for fees.[4] Since he prevailed on only one of the two main issues raised in his motion to reverse, the court will award fees for only half the time he spent preparing the motion to reverse, accompanying memorandum, and reply memorandum. His "Motion to Clarify" local court rules was unnecessary, did not contribute to his success on the merits, and will not be reimbursed. His reply memorandum on the issue of attorney fees took almost twice as long to prepare as the original memorandum; the court believes no more than half of this time should be reimbursed.

■ Mr. Willoughby's attorney has asked for $124 per hour, and the government

---

4. An attorney's affidavit of hours spent on a case is more persuasive to the court if it is supported by contemporaneous time records.

has not objected to that rate. Recently, the statutory rate under the EAJA was raised to $125 per hour. 28 U.S.C. § 2412 (1994), amended by Federal Reports Elimination & Sunset Act of 1995, Pub.L. No. 104–66, 1091(b), 109 Stat. 707, 722, and amended by Contract With America Advancement Act of 1996, Pub.L. No. 104–121, 232, 110 Stat. 847, 863. However, the "statutory rate is a ceiling and not a floor." *Headlee v. Bowen,* 869 F.2d 548, 551 (10th Cir.), *cert. denied,* 493 U.S. 979, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989).

■ Finally, the cost of filing fees is recoverable under the EAJA. *Weakley v. Bowen,* 803 F.2d 575, 579 (10th Cir.1986).

### III. Order

IT IS THEREFORE ORDERED that the plaintiff's motion for attorney fees is granted in part and denied in part. The plaintiff is awarded fees of $124 per hour for the following time:

| | |
|---|---|
| Interview with client and letters to client and Appeals Council | 3 hours |
| Preparation of complaint | 2.5 hours |
| Research and preparation of motion to reverse and supporting memoranda | 18.5 hours |
| Research and preparation of motion for attorney fees and supporting memoranda | 13 hours |

| SUBTOTAL | 37 hours × $124 | = $4,588.00 |
|---|---|---|
| | Filing fees | 120.00 |

| TOTAL | $4,708.00 |
|---|---|