UNITED STATES COURT OF APPEALS
**Filed 8/9/96**
FOR THE TENTH CIRCUIT

SHEILA M. BUTLER,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 95-7165
(D.C. No. CV-92-192-S)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BRIGHT,[***] and KELLY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Sheila M. Butler appeals from an order of the district court denying her motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Ms. Butler sought fees following the Secretary's partially favorable decision entered after a remand from the district court. We affirm.

Ms. Butler applied for benefits alleging disability due to back surgery and carpel tunnel syndrome. Her application was denied, and she appealed to the district court. Ms. Butler then moved for a remand both because the administrative law judge (ALJ) had committed numerous errors and because she had new evidence which should be considered. The Secretary failed to respond to the motion, and the district court entered a minute order deeming the motion confessed and granting the remand.

Immediately thereafter, the Secretary moved for an extension of time to respond to Ms. Butler's motion or to amend the order. The Secretary argued both that the ALJ's decision was correct and that the new evidence proffered by Ms.

Butler was neither new nor material. The district court denied the Secretary's motion. Both sides then sought clarification of the district court's remand order. The court responded, stating that "the intent of the court's order was not to affect the Secretary's determination of the evidence, but only to conduct the reajudication in accordance with the proper legal standards." Appellant's App. Vol. I at 93.

On remand, the ALJ held a supplemental hearing and issued a partially favorable decision. The ALJ affirmed his initial decision, but held that Ms. Butler met listing 9.09 for obesity as of one year *after* his initial decision. The ALJ specifically held that prior to that date, Ms. Butler had retained the residual functional capacity to perform substantial gainful activity. The ALJ also found that Ms. Butler met listing 1.02 for arthritis seventeen months *after* his initial decision.

Ms. Butler then notified the court of the ALJ's decision, filing the notification in the original district court case. She did not contest the correctness of the ALJ's decision. The court entered judgment for Ms. Butler, and she then

moved for EAJA fees. Ms. Butler asserted that the remand order was made pursuant to sentence four,[1] thereby entitling her to fees from the time she had filed her appeal to the district court. The Secretary asserted that the remand was pursuant to sentence six.[2] The district court held that it had ordered a sentence six remand and denied Ms. Butler's motion holding that, although she was the prevailing party, the government's position was substantially justified.

Ms. Butler appeals that order. She argues that the district court incorrectly characterized the remand as a sentence six remand. She further asserts she was the prevailing party at the time the remand was ordered and that the government's position was not substantially justified.

"[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially

---

[1]     A sentence four remand is one in which the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[2]     In a § 405(g) sentence six remand, "[t]he court may, on motion of the [Secretary] . . . for good cause shown . . . , remand the case . . . for further action . . . ." 42 U.S.C. § 405(g). The court may also order a remand for the Secretary to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." Id.

justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). We review the district court's determination of whether to award fees under the EAJA for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 558-599 (1988). "The government bears the burden of showing that its position was substantially justified." Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.), cert. denied, 116 S. Ct. 49 (1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." Id. The reasonableness test consists of three components: (1) a reasonable basis for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) the facts alleged must reasonably support the legal theory advanced. See Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988).

We agree that the district court's remand order is less than clear as to which sentence controlled. However, we do not need to decide that issue here. Ms. Butler cannot prevail because the government's position was substantially justified under either sentence.

Ms. Butler contends that the government's position was not substantially justified when the remand was ordered. However, the district court found that the government had conceded the merits of Ms. Butler's position. Thus, the court concluded that the government supported Ms. Butler's contention, a position she surely cannot contend was unjustified.

The government's position that Ms. Butler was not entitled to benefits as of the date of the ALJ's original decision was clearly justified. On remand, the ALJ reaffirmed his prior decision denying benefits. Further, Ms. Butler does not now contest the correctness of that order. The fact that the ALJ found Ms. Butler to be disabled for a later time period does not indicate that the original decision was in any way erroneous.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge