**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUBEN VALDEZ,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, *
Commissioner of Social Security
Administration,

        Defendant - Appellee.

No. 01-1531
(D.C. No. 00-N-1429)
(D. Colorado)

**ORDER AND JUDGMENT** **

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE** , *** Senior District Judge.

---

\*    On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the appellee in this action.

\*\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\*    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Ruben Valdez appeals from the denial of his claim for social security disability insurance and supplemental security income (SSI) benefits, arguing that the administrative law judge (ALJ) improperly assessed his physical and mental impairments. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Based on this standard of review, we affirm the denial of disability benefits and reverse the denial of SSI benefits.

Plaintiff was born on February 12, 1950, and is fifty-three years old this year. In school, he completed the ninth grade in special education classes. See Aplt. App. at 298, 329. He has had many short-term jobs. See id. at 163-67. His past relevant work was as a construction laborer, which involved cleaning up and

sweeping floors, but very little lifting. His insured status expired on September 30, 1990. He filed a claim for disability and SSI benefits in 1989, which was denied by the agency on January 29, 1990. Plaintiff did not further pursue that claim. He filed the current applications in 1996, alleging a disability beginning on September 30, 1990, based on residuals from an accident in which a vehicle he was working under fell on him, crushing his right scapula; diabetes; pain in his legs; high blood pressure; and mental impairments.

The ALJ reviewed the period from January 30, 1990, through September 30, 1990, for purposes of disability insurance benefits. The ALJ reviewed the period from January 10, 1996, through May 28, 1998, for purposes of SSI benefits. The ALJ denied both applications in a decision dated May 28, 1998, and the Appeals Council denied review, making the ALJ's decision the final agency decision.

The district court affirmed the ALJ's decision. The court reviewed the medical evidence and the ALJ's reasoning. The court deferred to the ALJ's credibility assessment, and decided that the ALJ's conclusions about plaintiff's impairments and limitations were consistent with the record as a whole.

On appeal, plaintiff argues that the ALJ: (1) violated the treating physician rule when he rejected a treating psychologist's opinion about plaintiff's mental impairments based on his own opinion that plaintiff was not credible in describing

his symptoms; (2) failed to adequately and fully address plaintiff's psychological residual functional capacity (RFC); (3) failed to consider plaintiff's physical and mental impairments in combination; and (4) erred in finding that plaintiff could perform his past relevant work or other work because his hypothetical question to the vocational expert was faulty. Plaintiff's arguments do not challenge the ALJ's reasoning or conclusion with regard to his application for disability insurance benefits. We therefore affirm that denial. However, plaintiff's issues have merit with regard to his SSI claim.

## I. Assessment of Plaintiff's Evidence of Mental Impairments

Because the time period for plaintiff's SSI claim is not delimited by the expiration of his insured status, the ALJ was required to address plaintiff's evidence of mental and physical impairments arising after September 30, 1990. This includes all of the evidence of plaintiff's mental impairments. The ALJ denied plaintiff's SSI claim first at step four, finding that despite the additional evidence relevant to the period under review, plaintiff retained the RFC for medium work and therefore could return to his past work. See generally Williams v. Bowen, 844 F.2d 748, 750-52, (10th Cir. 1988) (discussing five-step evaluation). In the alternative, the ALJ found at step five that, based on the testimony of a vocational expert, there were jobs other than his past work that plaintiff could do. A central factor to the ALJ's analysis was his determination

-4-

that plaintiff's testimony concerning his symptoms was not credible. Because the ALJ did not believe plaintiff, he also rejected the conclusions of the psychologist who treated plaintiff, and of the psychiatrist and psychologist who examined plaintiff, because their opinions were based, in part, on his complaints. The ALJ relied instead on the less restrictive opinion of the agency's psychologist who reviewed plaintiff's medical records, but who never examined or treated plaintiff. This analysis was flawed.

An ALJ is required to consider every medical opinion in the record. 20 C.F.R. § 416.927(d). The weight an ALJ must give each opinion, however, varies according to the relationship between the medical professional and the claimant. See id. An ALJ is required to give "controlling weight" to a treating source's opinion, so long as it is "well-supported" and "is not inconsistent with the other substantial evidence in [the] record." Id. § 416.927(d)(2). "When a treating [source's] opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other [sources'] reports to see if they outweigh the treating [source's] report, not the other way around." Goatcher , 52 F.3d at 290 (quotations omitted). If an ALJ rejects a treating source's opinion, he must articulate "specific, legitimate reasons" for his decision. Id.; see 20 C.F.R. § 416.927(d)(2)-(6). The opinion of an examining physician or psychologist is generally entitled to less weight than that of a treating physician or psychologist,

and the opinion of an agency physician or psychologist who has never seen the claimant is generally entitled to the least weight of all. See 20 C.F.R. § 416.927(d)(1), (2); Soc. Sec. Ruling 96-6p, 1996 WL 374180, at *2. If an ALJ intends to rely on a nonexamining source's opinion, he must explain the weight he is giving it. 20 C.F.R. § 416.927(f)(2)(ii).

The ALJ failed to follow these rules. Michael Schmidt, Ph.D., a psychologist, began treating plaintiff in November 1996, and had seen him about once every two weeks as of January 1998. Aplt. App. at 315. This makes Dr. Schmidt plaintiff's treating source. Dr. Schmidt's opinion was that plaintiff suffered with a borderline intellectual level, intermittent explosive disorder, antisocial personality disorder, and alcohol abuse in remission, and that plaintiff was disabled because he could not tolerate the stress of dealing with people or being supervised even by family members. Id. at 315-16.

Plaintiff was also examined by a psychiatrist, Dr. Thomas J. Hurley, and another psychologist, Brian L. Cox, Psy.D., in 1996. Dr. Hurley did not decide whether plaintiff could work or not, but found that plaintiff's mental impairments included schizoaffective disorder (depressive type), mild mental retardation, alcohol dependence, and avoidant personality disorder. Id. at 216-18. Dr. Cox also did not conclude whether plaintiff could work or not, but found that plaintiff suffered from attention deficit/hyperactivity disorder (combined type), disorders

of reading and written expression, alcohol dependency (early partial remission), post-traumatic stress disorder (mild), and dysthymic disorder. Id. at 294.

A Dr. Wanstrath, a psychologist, reviewed plaintiff's records and filled out Psychiatric Review Technique and Mental Residual Functional Capacity Assessment forms for the agency. See id. at 140-54. Her opinion, based on plaintiff's records, was that plaintiff suffered from dysthymia, antisocial personality disorder, and substance addiction disorder in recent remission, and that he was restricted from more than a little contact with the general public. Id. at 143, 145, 146, 153. The ALJ's findings of plaintiff's diagnoses and restrictions match Dr. Wanstrath's findings, although the ALJ did not state that he was accepting her opinion, let alone explain why. See id. at 28-29 (findings 10, 12).

The ALJ rejected Dr. Schmidt's opinion, stating that it was based on plaintiff's complaints, which the ALJ found were not credible. This approach impermissibly put the ALJ in the position of judging a medical professional on how he should assess medical data–plaintiff's complaints. An ALJ may not substitute his lay opinion for a medical opinion. See Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 744 (10th Cir. 1993).

In addition, the reasons the ALJ gave for his adverse credibility determination are not supported by the record. The ALJ believed that plaintiff

did not receive enough medical treatment and his motivation for seeking treatment was only to support his claim for benefits. We reject both of these reasons. Plaintiff received regular treatment from Dr. Schmidt during most of the period under review for SSI benefits. Moreover, his claim for benefits must be supported by medical evidence proving his alleged mental impairments. See 42 U.S.C. § 423(d)(3); 20 C.F.R. §§ 416.908, 416.920a(b). A claimant's perceived lack of motivation to receive treatment is relevant if he unjustifiably refuses treatment that would enable him to work. See Thompson v. Sullivan, 987 F.2d 1482, 1489-90 (10th Cir. 1993). Even then, however, the ALJ must determine that such treatment was prescribed for the claimant and find out why the claimant refused it. See id. The ALJ made no such determination or inquiry in this case. The ALJ also believed that plaintiff changed his story regarding the existence and number of his past suicide attempts, hallucinations, and nightmares in order to escalate his symptoms as he was seen by each successive doctor. See Aplt. App. at 26. The minor inconsistencies on these points do not support the claimed escalation, however, and none of the medical professionals believed that plaintiff exaggerated his symptoms. In addition, the most serious diagnosis–schizoaffective disorder–was made by the first mental health professional plaintiff saw, Dr. Hurley.

The ALJ rejected Dr. Hurley's diagnosis of schizoaffective disorder because the agency psychologist believed that the opinions of Dr. Schmidt and Dr. Cox were sufficiently different from Dr. Hurley's and sufficiently consistent with each other to refute it.     Id. at 24.  But other than using Dr. Cox's opinion in this way to defeat Dr. Hurley's diagnosis, the ALJ otherwise disregarded Dr. Cox's diagnoses and restrictions.     See id. at 24-26.  The ALJ is not entitled to pick and choose through a medical opinion, using only those parts that are favorable to a finding of nondisability.     Switzer v. Heckler  , 742 F.2d 382, 385-86 (7th Cir. 1984).

It is clear that the ALJ improperly rejected the treating and examining sources' opinions and improperly credited the agency psychologist's opinion without providing the required explanation.  Because the ALJ failed to follow the proper procedure in assessing plaintiff's medical evidence of mental impairments, the ALJ's finding of nondisability must be reversed.

## II.  Psychological Residual Functional Capacity

Plaintiff next argues that the ALJ failed to adequately and fully address his psychological RFC.  We agree.

When a mental impairment is alleged, the ALJ must assess the claimant's mental RFC.  20 C.F.R. § 416.945(c).  When a claimant suffers from a severe mental impairment that does not meet or equal the criteria of the listings for

mental disorders, "[t]he determination of mental RFC is crucial to the evaluation of an individual's capacity to engage in substantial gainful work activity." Id. Pt. 404, Subpt. P, App. 1, § 12.00(A). The ALJ must assess the mental abilities of "understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting." Id. § 416.945(c). The rulings specify that

> [i]n assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e.,  <u>8 hours a day, for 5 days a week </u>, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *7 (emphasis added) (footnote omitted).

In this case, the ALJ made no finding regarding plaintiff's mental RFC, except to find that he could not "have any contact with the general public." Aplt. App. at 29 (finding 12). Indeed, even if he had made a more explicit finding, it would be tainted from his failure to explain his rejection of Dr. Schmidt's opinion of plaintiff's diagnoses and restrictions.

-10-

## Conclusion

Because the ALJ improperly assessed plaintiff's evidence of mental impairments, it follows that he failed to properly consider plaintiff's combination of physical and mental impairments. And, because the ALJ improperly rejected Dr. Schmidt's opinion of plaintiff's diagnosis and restrictions, the limitations expressed in the hypothetical question he posed to the vocational expert are not supported by substantial evidence. This is also reversible error, because the hypothetical questions submitted to the vocational expert must state the claimant's impairments "with precision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotation omitted).

Plaintiff's motion to supplement his opening brief is granted. The district court's judgment is AFFIRMED in part, and REVERSED in part, and the case is REMANDED for an immediate award of supplemental security income benefits.

ENTERED FOR THE COURT
PER CURIAM

-11-