**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUBEN VALDEZ,

       Plaintiff-Appellant,

  v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant-Appellee.

No. 05-1056
(D.C. No. 00-N-1429)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Ruben Valdez, who prevailed on appeal in his suit challenging the agency's denial of his application for supplemental security income (SSI) benefits, now appeals from the district court's denial of his application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. We have jurisdiction under 28 U.S.C. § 1291, and AFFIRM.

## I.

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, . . . unless the court finds that the *position of the United States was substantially justified* or that special circumstances make an award unjust.

§ 2412(d)(1)(A) (emphasis added). A fee award is thus required if (1) appellant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *See Comm'r v. Jean*, 496 U.S. 154, 158 (1990) (quoting statutory language). In this appeal, the parties do not dispute that Valdez is a prevailing party and that there are no special circumstances that make an award unjust; they dispute only whether the government's position was substantially justified.

The EAJA explains that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure

-2-

to act by the agency upon which the civil action is based." § 2412(d)(2)(D). We therefore consider (1) the government's position on the issues in the underlying federal suit challenging the denial of SSI benefits, which, in this case, are the same issues appellant raised on appeal, as well as, (2) the action by the administrative agency—here, the Social Security Administration—reviewing Valdez's initial applications.

At the administrative agency level, Valdez applied for both disability insurance benefits and SSI benefits. The administrative law judge (ALJ) denied both kinds of relief on the basis that Valdez did not prove he was disabled at any time during the period under review. Valdez appealed to district court. The district court affirmed the denial of both SSI and disability insurance benefits. We affirmed the denial of disability benefits, but reversed the decision denying SSI benefits, holding that the ALJ erred in evaluating the medical evidence of Valdez's mental impairments and that he had proved eligibility for SSI benefits. *Valdez v. Barnhart*, 62 F. App'x 838, 840 (10th Cir. Feb. 20, 2003) (per curiam) (unpublished).

Under the EAJA we will determine that the government's position was substantially justified if it was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotation omitted); *see also Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991) (citing *Pierce*). The

position of the government will be deemed to be substantially justified "if there is a 'genuine dispute' . . . or 'if reasonable people could differ as [to the appropriateness of the contested action].'" *Pierce*, 487 U.S. at 565 (quotations omitted).

We review the district court's decision that the government's position was substantially justified for abuse of discretion. *Estate of Smith*, 930 F.2d at 1501 (citing *Pierce*, 487 U.S. at 562). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings," *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998), or when the court's decision is "arbitrary, capricious, or whimsical," *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) (quotation omitted). This court "must carefully scrutinize the district court's exercise of its discretion, but we may not . . . substitute our own judgment for that of the trial court." *Kiowa Indian Tribe*, 150 F.3d at 1165 (quotation omitted).

## II.

We conclude that the district court's denial of Valdez's application for EAJA fees was within its discretion.

In the fee application proceedings, the government argued that it was reasonable for the ALJ to reject the opinions of Drs. Schmidt, Hurley, and Cox, and, by implication, to rely on Dr. Wanstrath's opinion in making his RFC finding. *See* Aplee. Br. at 24-25. While we disagreed with the government's

-4-

position and the district court's decision in the appeal on the merits, that is not the test in evaluating whether a fee award is mandated under the EAJA. Instead, we look at the government's position as it was litigated, not with twenty-twenty hindsight. At its outset, the government argued that contesting Valdez's claim was justified by the following evidence, which was subsequently accepted by the ALJ: (1) that Valdez's described mental symptoms and functional effects should be discounted on the basis of his lack of credibility; (2) that several of Dr. Schmidt's reports should be viewed skeptically because they were not supported by objective, clinical evidence, (3) that Valdez was capable of performing work at a medium level of exertion; (4) that Valdez was capable of performing his past relevant work and other work readily available in the present economy.

In denying the fee application, the district court acknowledged our order and judgment, but concluded that the issues had been close and that the government's position in this case was substantially justified for a number of reasons, concluding as follows:

> the Commissioner's position in this case was reasonable both in law and in fact. The ALJ considered the testimony of each of the treating physicians and the medical evidence they each provided. The ALJ's rejection of Dr. Michael Schmidt's opinion was based on Valdez's subjective complaints and was contrary to other evidence, including that of the vocational expert. While the Tenth Circuit disagrees with the weight the ALJ afforded to Schmidt's testimony, the ALJ considered the treating and examining medical source opinions in determining [Valdez's] mental limitations. This is not a case where

the initial administrative decision was clearly incorrect. The issues presented in this case were close and Valdez made reasonable arguments in support of his position. This conclusion is bolstered by the fact that the Tenth Circuit affirmed the denial of [Valdez's] claim for disability insurance benefits. While the Tenth Circuit determined that there was not substantial evidence in the record to deny supplemental security income, the Commissioner's position was substantially justified[].

Aplt. Post Admin. App. at 486–87.

## A.

We begin our evaluation of the government's defense position by considering whether the government had a "'reasonable basis . . . for the facts alleged.'" *Gatson v. Bowen*, 854 F.2d 379, 380–81 (10th Cir. 1988) (quoting *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984)). The closeness of Valdez's case (the government prevailed at the administrative and district court levels), while not conclusive, supports the district court's view that the government had a reasonable basis to allege the facts it did. That the government did not prevail on appeal is immaterial. "There is no prerequisite that the government's 'decision to litigate was based on a substantial probability of prevailing' for the government to defeat a claim for attorney's fees under the EAJA." *Hadden v. Bowen*, 851 F.2d 1266, 1268-69 (10th Cir. 1988). The "hazy contours of the substantial evidence rule does not necessarily mean that the position of the Government was not substantially justified." *Id.* at 1267. We are satisfied the government's (ultimately unsuccessful) factual position as

found by the ALJ and adopted by the Commissioner justified the government's defense position in contesting Valdez's application.

**B.**

Having found a reasonable basis in fact for the government's decision to oppose Valdez's SSI application, we next consider whether there was a reasonable basis in law to support the government's case. *Gatson*, 854 F.2d at 380–81. Again, the closeness of this case weighs in the government's favor. In upholding the ALJ's fact-finding on the basis of Valdez's credibility, the district court noted that:

> in making a credibility assessment, the ALJ should consider such factors as: ". . . the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, . . . subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and the relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

Aplt. Post Admin. App. at 440. The ALJ took these factors into account in arriving at the findings of facts relied upon by the government. Specifically, the ALJ found:

> Mr. Valdez's statements concerning his impairments and their impact on his ability to work are not credible in light of the degree of medical treatment received. [Valdez] did not receive any significant physical or psychological treatment until 1996[,] but alleged at the hearing that he has decades old severe problems. [Valdez] also alleges a worsening of his physical limitations since 1990[,] but received no treatment between 1990 and 1996 and very little treatment since 1996. If [Valdez] were having so much difficulty the

-7-

[ALJ] would expect to find the claimant seeking some type of significant treatment.

*Id.* at 25–26. The ALJ further found, after a discussion of extensive inconsistencies in Valdez's reports of hallucinations and suicide attempts to different treating physicians, that it "appears that [Valdez] is increasing his complaints with every evaluation in order to make himself seem worse than he really is." *Id.* at 26. "The [ALJ] finds [Valdez's] statements regarding his allegations of increasingly worse symptoms unsupported by the record and exaggerated." *Id.* The ALJ also noted that treatment notes from various physicians appeared to indicate that Valdez's primary motivation in seeking treatment was to "prove he is 'disabled' in order to receive benefits." *Id.*

In reaching these conclusions, the ALJ clearly took into account "the extensiveness of the attempts to obtain relief," the "frequency of medical contacts," "subjective measures of credibility," "the motivation of and the relationship between the claimant and other witnesses," and "the consistency or compatibility of nonmedical testimony with objective medical evidence" as required under our law. On appeal, we disagreed with the district court's (and thereby the ALJ's) weighing of these legal factors and the conclusions found as a result of that weighing. *Valdez*, 62 F. App'x at 840. But this does not mean that the government's position and the ALJ's ruling did not have a reasonable basis in law at the time they were made.

## C.

Finally, we must determine whether the facts alleged reasonably support the legal theory advanced by the government. *Gatson*, 845 F.2d at 380. We conclude that they do. Despite our determination on appeal that the ALJ improperly weighed the evidence, the disputed facts reasonably supported the government's legal theory that Valdez was not entitled to SSI and disability benefits.

\* \* \*

Given our deferential standard of review, we cannot conclude the district court abused its discretion. If we had held on the merits that the ALJ's action had been arbitrary and capricious and the government had nevertheless defended the agency's position, this might be a different case. *Cf. Estate of Smith*, 930 F.2d at 1501-02 (holding that appellate court's determination that agency's failure to promulgate certain regulations was arbitrary and capricious foreclosed district court's subsequent finding that government's position was substantially justified). But such is not the case here.

Accordingly, the judgment of the district court is AFFIRMED.

The district court denied Mr. Valdez' request to proceed in forma pauperis via an order dated February 15, 2005. *See* Fed. R. App. P. 24(a)(3)(A). Upon

review, we grant the appellant leave to proceed without the prepayment of fees or costs.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge